IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
MAY 15 2026
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

ROSALIND C. ABRAMS, Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al., Defendants.

**1:25-cv-04311-TRJ-JKL**

---

# EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED RELIEF REGARDING RETALIATORY REASONABLE ACCOMMODATION ACTIONS

---

Plaintiff Rosalind C. Abrams respectfully moves this Court for emergency temporary restraining order and preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65.

This Motion arises within the framework of ongoing Title VII discrimination, retaliation, hostile work environment, disparate treatment, Rehabilitation Act, and accommodation disputes already pending before this Court.

This Motion is not an attempt to relitigate the disputed 2025 performance appraisal itself as a standalone personnel disagreement. Rather, Plaintiff seeks emergency intervention because Defendants continue operationalizing that disputed appraisal structure as part of an escalating Title VII and Rehabilitation Act retaliation framework involving disparate treatment, accommodation interference, constructive marginalization, and continuing adverse employment actions during active litigation.

Plaintiff remains exposed to continuing harm because the disputed Unsatisfactory posture continues impacting Plaintiff's employment status, accommodation process, operational standing, governance participation, and Reduction in Force (RIF) exposure while overlapping discrimination and retaliation disputes remain pending before multiple judicial and administrative forums.

Plaintiff further contends that operational duties, governance functions, stewardship responsibilities, workflow coordination responsibilities, and technical functions associated with Plaintiff's role continue surviving institutionally and are being performed, absorbed, redistributed, or operationalized by management personnel and related operational structures even while Plaintiff is simultaneously portrayed as unnecessary, operationally deficient, unassigned, or lacking meaningful work product.

Plaintiff contends this constitutes more than a performance dispute. **Plaintiff contends it reflects continuing discriminatory and retaliatory operational treatment whereby:**

• Plaintiff's governance role was diminished;

• Plaintiff's operational authority was reduced following decommissioning activities;

• Plaintiff remained exposed to RIF-related threats and adverse appraisal structures;

• Plaintiff's accommodations became linked to disputed performance narratives;

• and Plaintiff's functions continued institutionally while Plaintiff herself was progressively separated from the role, governance authority, and operational participation associated with those same functions.

Plaintiff further contends similarly situated management and operational personnel were not subjected to the same escalating scrutiny, retroactive supervisory restructuring, accommodation-linked escalation, or continuing operational marginalization.

The continuing harm therefore arises not merely from the existence of a disputed appraisal, but from the agency's ongoing operational use of that appraisal structure to sustain retaliatory escalation, accommodation interference, reputational harm,

constructive marginalization, and continuing adverse employment exposure during the pendency of active litigation.

Plaintiff does not contend that the Court itself authorized retaliation or discriminatory escalation. However, Plaintiff contends Defendants have continued treating the absence of immediate judicial intervention across multiple forums as operational latitude to continue escalating the same disputed factual framework through evolving administrative mechanisms, accommodation reassessments, supervisory restructuring, and continuing retaliatory actions.

**Plaintiff seeks immediate injunctive relief preventing Defendants from:**

1. Using the disputed and fraudulent 2025 Unsatisfactory performance appraisal which is before this court (Action 15 and Action 16) and the fraudulent Rating of Record (ROR) to modify, restrict, reassess, interfere with, or adversely affect Plaintiff's existing reasonable accommodations;
2. Conducting retaliatory or performance-based RA reassessment proceedings grounded upon disputed or retroactively modified appraisal records;
3. Proceeding with retaliatory appraisal meetings or adverse actions premised upon disputed supervisory structures and retroactively altered rating authority;

4. Utilizing disputed allegations regarding "missing work products," alleged communication failures, or disputed documentation narratives as the basis for adverse personnel or accommodation actions; (See Exhibit A)

5. Further altering, modifying, or reconstructing Plaintiff's 2025 appraisal structure pending judicial review.

---

## I. INTRODUCTION

The present emergency request arises from continuing manifestations of the same discriminatory, retaliatory, and adverse employment actions already before the Court.

The current accommodation-linked escalation directly overlaps with previously identified employment actions involving (according to Magistrate Judge's revised taxonomy of claims referred to as actions and numerical sequencing):

• accommodation disputes and retaliatory accommodation activity **(Action 14);**

• reduction of duties and operational marginalization following decommissioning activities **(Action 15, 16 and 21**);

• disputed low performance appraisals and failure to recognize Plaintiff's operational responsibilities and governance work products **(Action 16);**

• disparate treatment and heightened scrutiny not imposed upon similarly situated

personnel **(Action 19)**;

• disciplinary escalation through the May 5, 2025 Letter of Reprimand **(Action 20)**;

• governance exclusion, decommissioning disputes, and inconsistent operational explanations regarding the ICP-FEMA environment **(Action 20, 21)**;

• disregard of Plaintiff's ISO authority, stewardship determinations, and governance findings **(Action 20, 21, 23)**;

• and RIF-related threats, curtailment of governance responsibilities, and continuing operational marginalization **(Action 24)**.

Plaintiff contends the agency continues operationalizing these same disputed employment actions through evolving administrative mechanisms, including:

• retroactive supervisory restructuring;

• disputed appraisal modifications;

• accommodation-linked reassessment activity;

• shifting performance standards;

• moving-goalpost compliance expectations;

• communication narratives later contradicted by agency records;

• and continuing attempts to characterize lawful governance determinations and stewardship work products as “nonperformance.”

This Motion therefore does not seek emergency relief merely because a disputed appraisal exists. Rather, Plaintiff seeks intervention because Defendants continue

using the disputed appraisal structure as an operational mechanism to perpetuate the same retaliation, disparate treatment, governance exclusion, accommodation interference, reputational harm, and adverse employment exposure already underlying the pending litigation.

Plaintiff further contends the continuing harm is compounded because Plaintiff remains exposed to RIF-related consequences and operational marginalization while governance functions, workflow responsibilities, stewardship concepts, and operational duties associated with Plaintiff's role continue surviving institutionally through management and related operational structures.

The present escalation therefore reflects continuing discriminatory and retaliatory operational treatment rather than an isolated personnel disagreement.

The recent escalation occurred immediately following Plaintiff's approved FMLA and accommodation-related activity and involved meetings characterized as "annual" accommodation reviews that substantively relied upon disputed performance allegations, evolving supervisory narratives, and documentation accusations later contradicted by agency communications.

The chronology demonstrates continuing retaliatory escalation:

• April 29, 2025 — decommissioning of the ICP-FEMA environment materially impacting governance responsibilities, stewardship capabilities, operational workflows, and Plaintiff's assigned duties;

• May 5, 2025 — Letter of Reprimand issued involving Plaintiff's professional credentials and signature block;

• July 2025 — continuing RIF-related discussions and operational uncertainty surrounding Plaintiff's role;

• July-August 2025 — disputed supervisory restructuring and evolving appraisal modifications involving Amanda Smith, Bradford Mason, Tiffany Hudgins, and later Joel Doolin;

• September 22, 2025 — Plaintiff issued a formal governance and stewardship determination refusing release of untrusted CERT datasets under FEMA Directive #262-1 Revision 1 obligations;

• February 13, 2026 — disputed Unsatisfactory performance posture issued;

• April 30, 2026 — Plaintiff's FMLA posture approved and accommodation-related activity escalated thereafter;

• May 2026 — renewed performance-linked reasonable accommodation reassessment activity and disputed supervisory assertions.

Plaintiff contends the recent accommodation-linked escalation represents the third major accommodation/performance "baseless" escalation cycle involving overlapping management participation who are already listed before this court:

• Amanda Smith;

• Bradford Mason;

• Tiffany Hudgins;

• and later Joel Doolin involvement within the disputed appraisal structure.

Plaintiff further contends the repeated restructuring of supervisory and appraisal authority across multiple officials created the appearance of independent review around the same disputed retaliatory narrative while simultaneously allowing management to continue evolving the an artificial and fraudulent framework supporting the disputed Unsatisfactory posture in an effort to continue keeping it relevant and alive to force a pre-determined outcome.

During recent meetings, Plaintiff was informed that Bradford Mason allegedly needed to participate in future appraisal discussions because he purportedly supervised Plaintiff for approximately forty-five days during the latter portion of the performance cycle despite simultaneous assertions that he had no involvement in the issuance of the disputed Unsatisfactory rating itself.

Plaintiff further contends the appraisal structure itself reflects:

• retroactive supervisory layering;

• evolving rating authority;

• disputed review structures;

• and continuously changing performance narratives.

During the same accommodation-related discussions, Plaintiff was accused of failing to respond to communications involving a Kimberly Allen work-status form.

Plaintiff requested:

• the date of the alleged communication;

• the subject line;

• the form itself;

• and the underlying documentation supporting the accusation.

No details were provided during the meeting. Subsequent communications later confirmed Plaintiff had not been included on the original distribution.

Plaintiff contends the evolving communication narratives, shifting compliance expectations, and changing performance parameters are part of the continuing retaliatory operationalization of the disputed appraisal structure.

Plaintiff further contends management repeatedly changed or reframed expectations after Plaintiff complied with requested obligations, including:

• shifting assessment requirements;

• changing explanations regarding work products;

• changing explanations regarding supervisory authority;

• and evolving standards regarding acceptable deliverables and operational participation.

Plaintiff contends lawful governance determinations, stewardship findings, workflow structures, dashboards, lifecycle coordination analyses, governance methodologies, and technical determinations constituted legitimate federal work

products and operational deliverables produced within the scope of Plaintiff's assigned federal duties.

Plaintiff further contends the ICPD Digital Governance App and related governance methodologies constituted legitimate operational governance structures associated with intake management, workflow coordination, lifecycle governance, stewardship visibility, backlog governance, and operational tracking functions.

Plaintiff contends substantially similar governance methodologies, workflow structures, and operational concepts later survived institutionally within broader modernization efforts, including the later $137M DHS/FEMA Digital Workflow BPA environment, while Plaintiff herself was progressively separated from governance participation, stewardship authority, and operational responsibility.

Plaintiff therefore contends the continuing harm is not limited to disagreement regarding a performance appraisal. Rather, Plaintiff contends the disputed appraisal structure is now being operationalized to:

- marginalize Plaintiff's governance role;
- sustain retaliatory narratives;
- interfere with accommodations;
- support continuing adverse employment exposure;
- justify operational exclusion;
- and perpetuate continuing disparate treatment during active litigation.

## III. ARGUMENT

### A. Plaintiff Is Likely To Succeed On The Merits

Plaintiff is likely to succeed on claims involving:

• Title VII retaliation;

• disparate treatment;

• hostile work environment;

• Rehabilitation Act retaliation and interference;

• retaliatory interference with accommodations;

• discriminatory operational treatment;

• and continuing adverse employment actions tied to evolving appraisal structures and accommodation-linked escalation.

The present Motion does not ask the Court to adjudicate the substantive correctness of the disputed 2025 Unsatisfactory performance appraisal itself.

Rather, Plaintiff seeks narrow emergency relief because Defendants continue operationalizing that disputed appraisal structure as a mechanism to:

• escalate retaliation;

• interfere with accommodations;

• perpetuate discriminatory treatment;

• sustain disputed RIF exposure;

• marginalize Plaintiff operationally;

• and continue evolving adverse personnel actions during active litigation.

The current accommodation-linked escalation directly overlaps with previously identified employment actions involving:

• accommodation disputes and retaliatory accommodation activity (Action 14);

• reduction of duties and operational marginalization (Action 15);

• disputed low performance appraisals and failure to recognize governance work products (Action 16);

• disparate treatment and heightened scrutiny (Action 19);

• disciplinary escalation through the Letter of Reprimand (Action 20);

• governance exclusion and decommissioning disputes (Action 21);

• disregard of Plaintiff's ISO authority and stewardship findings (Action 23);

• and RIF-related threats and curtailment of governance responsibilities (Action 24).

Plaintiff further contends similarly situated management and operational personnel were not subjected to:

• the same retroactive supervisory restructuring;

• the same accommodation-linked escalation;

• the same disputed work-product narratives;

• the same evolving performance standards;

• or the same continuing operational marginalization.

Plaintiff contends Defendants increasingly separated Plaintiff from governance participation, stewardship authority, operational visibility, and workflow responsibility while substantially similar governance structures, methodologies, workflow concepts, and operational functions continued surviving institutionally through management and related operational structures.

The chronology demonstrates escalating adverse actions following:

• governance objections;

• stewardship determinations;

• protected disclosures;

• decommissioning disputes;

• accommodation activity;

• FMLA approval;

• and Plaintiff's refusal to release untrusted datasets under FEMA governance obligations.

Plaintiff further contends the agency repeatedly changed or reframed expectations after Plaintiff complied with requested obligations, including:

• changing explanations regarding work products;

• shifting assessment requirements;

• evolving supervisory authority narratives;

• disputed communication allegations later contradicted by agency records;

• and changing operational expectations surrounding Plaintiff's duties and deliverables.

The current accommodation-linked escalation therefore constitutes continuing retaliatory and discriminatory operational conduct rather than a neutral personnel-management process.

**B. Plaintiff Faces Immediate And Irreparable Harm**

Absent emergency relief, Plaintiff faces continuing and compounding harm involving:

• accommodation interference;

• retaliatory reassessment activity;

• operational marginalization;

• reputational harm;

• professional stigmatization;

• disputed RIF exposure;

• continuing adverse appraisal operationalization;

• and ongoing interference with Plaintiff's federal employment conditions.

Plaintiff remains exposed to a disputed Unsatisfactory posture while overlapping discrimination, retaliation, and accommodation disputes remain pending before multiple judicial and administrative forums.

Plaintiff further contends that governance functions, stewardship responsibilities, workflow coordination structures, and operational duties associated with Plaintiff's role continue surviving institutionally while Plaintiff herself is simultaneously portrayed as operationally deficient, unnecessary, unassigned, or lacking meaningful work products.

The continuing harm therefore arises not merely from the existence of a disputed appraisal, but from the continuing operational use of that disputed appraisal structure to:

- sustain retaliatory narratives;
- interfere with accommodations;
- support operational exclusion;
- perpetuate reputational harm;
- justify evolving adverse employment actions;
- and maintain continuing discriminatory and retaliatory escalation during active litigation.

Once accommodation structures, retaliatory narratives, supervisory structures, and disputed appraisal mechanisms become embedded operationally, the resulting

professional and employment harm cannot be fully remedied through later monetary relief alone.

Plaintiff further contends Defendants have continued treating the absence of immediate judicial intervention across multiple forums as operational latitude to continue escalating the same disputed factual framework through evolving administrative mechanisms and accommodation-linked reassessment activity.

**C. The Balance Of Equities Favors Relief**

The requested injunctive relief merely preserves the status quo while the Court evaluates the continuing retaliatory and discriminatory operational use of the disputed appraisal structure.

Plaintiff is not requesting that the Court manage ordinary agency operations or substitute itself as a super-personnel authority regarding routine appraisal administration.

Rather, Plaintiff seeks narrowly tailored relief preventing Defendants from continuing to operationalize disputed appraisal narratives as a mechanism for accommodation interference, retaliatory escalation, operational marginalization, and continuing adverse employment exposure during active litigation.

Defendants suffer no legitimate prejudice from temporary restraint against continuing retaliatory accommodation-linked escalation pending judicial review.

Plaintiff, by contrast, faces continuing reputational, operational, accommodation-related, and employment harm absent immediate relief.

**D. The Public Interest Supports Relief**

The public interest favors:

- lawful federal governance;
- protection against retaliation and disparate treatment;
- integrity within federal accommodation processes;
- accurate stewardship determinations;
- protection of employees raising governance and compliance concerns;
- and preservation of fair and non-retaliatory federal personnel practices.

The public also has a substantial interest in ensuring federal agencies do not operationalize disputed appraisal structures as mechanisms for continuing retaliation, accommodation interference, or discriminatory escalation while overlapping disputes remain pending before judicial and administrative forums.

---

**IV. REQUEST FOR RELIEF**

**WHEREFORE, Plaintiff respectfully requests that this Court:**

A. Enter an immediate Temporary Restraining Order;

B. Enter a Preliminary Injunction prohibiting Defendants from:

1. Using the disputed 2025 Unsatisfactory appraisal as the basis for modifying, restricting, reassessing, or interfering with Plaintiff's reasonable accommodations;

2. Conducting retaliatory performance-based reasonable accommodation reassessment proceedings grounded upon disputed appraisal structures or retroactively modified supervisory narratives;

3. Proceeding with retaliatory appraisal meetings or adverse personnel actions premised upon disputed supervisory authority structures;

4. Utilizing disputed allegations regarding communication failures, work products, operational participation, or alleged noncompliance as the basis for accommodation interference or adverse personnel actions;

5. Further altering, modifying, reconstructing, or operationalizing Plaintiff's disputed appraisal structure pending judicial review;

6. Continuing retaliatory operational marginalization tied to disputed governance, stewardship, workflow, and operational responsibilities already underlying the pending litigation;

C. Order expedited review and briefing;

D. Grant such additional relief as the Court deems just and proper.

Respectfully submitted,

Rosalind C. Abrams

Plaintiff, Pro Se

478.334.9525

rosalindcabramspmp@gmail.com

# EXHIBITS

## I. EXHIBITS SUBMITTED IN SUPPORT OF PRESENT EMERGENCY RELIEF

### Exhibit A —Email Chain / Work Status Form Communications

Purpose:

Demonstrates Plaintiff was not included on the alleged distribution regarding the work status form despite later accusations that Plaintiff failed to respond or comply. Supports Plaintiff's contention that shifting communication narratives and evolving allegations were used to sustain adverse performance and accommodation-related narratives.

### Exhibit B — September 22, 2025 Governance and Stewardship Determination

Purpose:

Demonstrates existence of lawful federal technical work product involving CERT data stewardship determinations, inaccessible Salesforce portal data, removal of contractor ISSO custodians, unresolved remediation concerns, validation limitations, and FEMA Directive #262-1 Revision 1 governance obligations prohibiting release of untrusted datasets.

### Exhibit C — May 2026 Email to Tiffany Hudgins

Purpose:

Documents Plaintiff's contemporaneous objection to disputed supervisory assertions, accommodation-linked escalation, evolving appraisal narratives, and allegations regarding missing documentation and work products.

**Exhibit D — Assessment Fulfillment / Performance Communications**

Purpose:

Demonstrates Plaintiff's attempts to comply with requested assessment obligations while documenting continuously changing standards, evolving supervisory expectations, shifting procedural requirements, and moving-goalpost performance narratives.

**Exhibit E — FMLA Approval and Related Accommodation Communications**

Purpose:

Demonstrates that Plaintiff's FMLA posture had already been formally processed and approved prior to the renewed accommodation reassessment activity and disputed performance-linked escalation initiated thereafter.

## II. PREVIOUSLY FILED MATERIALS AND JUDICIAL NOTICE REFERENCES

**Exhibit F — Previously Filed Governance and System Architecture Materials**

(See Docket References Including Docs. 38, 43, 49, and Related Supplements)

Purpose:

References previously filed governance architecture materials, stewardship documentation, operational workflow structures, governance authority records, and system-related submissions already before the Court concerning Plaintiff's governance role, ICP/FEMA operational structures, and related modernization/governance disputes.

**Exhibit G — Relevant Docket Activity and Prior Requests for Relief**

(See Docs. 3, 11, 21, 50, and Related Judicial Notice Requests)

Purpose:

Demonstrates that retaliation, accommodation disputes, governance conflicts, requests for injunctive relief, and protective-order requests were already before the judiciary prior to the current accommodation-linked escalation and disputed performance

**Exhibit H — Previously Filed Decommissioning, Duty Reduction, and Governance Materials**

(See Prior Judicial Notice Filings, Supplements, and Operative Complaint Allegations Relating to Actions 15, 21, 23, and 24)

Purpose:

References previously filed materials and operative allegations concerning the ICP-FEMA decommissioning, reduction of operational duties, stewardship disputes, governance exclusion, disregard of ISO authority, and related operational impacts tied to Plaintiff's Title VII, retaliation, disparate treatment, and Rehabilitation Act claims already before the Court.

**Exhibit I — Letter of Reprimand dated May 5, 2025**

(Related to Operative Allegations Concerning Actions 20 and 24)

Purpose:

Demonstrates continuing escalation following protected disclosures, governance objections, stewardship disputes, and RIF-related pressures, including disciplinary action involving Plaintiff's professional credentials and signature block as part of the broader retaliation and hostile-work-environment framework already alleged before the Court.

**Exhibit J — Performance Appraisal / Supervisory Structure Documentation**

(Related to Operative Allegations Concerning Actions 14, 15, 16, 19, 20, and 24)

Purpose:

Demonstrates disputed and evolving supervisory and appraisal structures involving Amanda Smith, Bradford Mason, Tiffany Hudgins, Joel Doolin, and related

retroactive modifications tied to the disputed Unsatisfactory performance posture now being operationalized within the continuing accommodation-linked escalation at issue in this Motion, including allegations involving accommodation disputes, reduction of duties, disparate treatment, retaliatory scrutiny, and adverse employment actions.

The chronology of Escalated Adverse Actions reflect the following progression:

| **Event** | **Escalation** |
|---|---|
| **Protected disclosures and governance objections regarding ICP/FEMA operations** | Increased scrutiny and operational hostility |
| **October 23, 2023 Letter of Counseling** | Initial formal disciplinary escalation |
| **April 29, 2025 ICP-FEMA system decommission** | Material reduction of operational environment and duties |
| **May 5, 2025 Letter of Reprimand regarding credentials/signature block and PMP Technology Credentials** | Formal reprimand escalation |

| | |
|---|---|
| **Approximate 60% reduction of operational responsibilities following decommission activities** | Material alteration of workload and operational structure |
| **Governance objections and refusal to release untrusted CERT data under FEMA Directive #262-1 Revision 1** | Stewardship determinations characterized as nonperformance |
| **Retroactive supervisory layering and evolving appraisal modifications during 2025** | Disputed performance structure formation |
| **Unsatisfactory performance posture** | Adverse appraisal escalation |
| **Delay and confusion involving appraisal access, supervisory authority, and supporting documentation** | Procedural irregularities and evolving rating structure |
| **April 30, 2026 FMLA submission and HR approval process \| Approved** | Existing protected leave/accommodation posture formally recognized |
| **May 2026 — Tiffany Hudgins initiates renewed RA review activity using disputed** | Performance-based accommodation escalation |

| **2025 performance posture after FMLA approval** | |
| --- | --- |
| **May 2026 performance-linked RA reassessment activity** | Attempted use of disputed appraisal posture to alter or reassess accommodations |

## EXHIBITS

### I. EXHIBITS SUBMITTED IN SUPPORT OF PRESENT EMERGENCY RELIEF

**Exhibit A —Email Chain / Work Status Form Communications**

Purpose:

Demonstrates Plaintiff was not included on the alleged distribution regarding the work status form despite later accusations that Plaintiff failed to respond or comply. Supports Plaintiff's contention that shifting communication narratives and evolving allegations were used to sustain adverse performance and accommodation-related narratives.

**Exhibit B — September 22, 2025 Governance and Stewardship Determination**

Purpose:

Demonstrates existence of lawful federal technical work product involving CERT data stewardship determinations, inaccessible Salesforce portal data, removal of contractor ISSO custodians, unresolved remediation concerns, validation limitations, and FEMA Directive #262-1 Revision 1 governance obligations prohibiting release of untrusted datasets.

**Exhibit C — May 2026 Email to Tiffany Hudgins**

Purpose:

Documents Plaintiff's contemporaneous objection to disputed supervisory assertions, accommodation-linked escalation, evolving appraisal narratives, and allegations regarding missing documentation and work products.

**Exhibit D — Assessment Fulfillment / Performance Communications**

Purpose:

Demonstrates Plaintiff's attempts to comply with requested assessment obligations while documenting continuously changing standards, evolving supervisory expectations, shifting procedural requirements, and moving-goalpost performance narratives.

**Exhibit E — FMLA Approval and Related Accommodation Communications**

Purpose:

Demonstrates that Plaintiff's FMLA posture had already been formally processed and approved prior to the renewed accommodation reassessment activity and disputed performance-linked escalation initiated thereafter.

## II. PREVIOUSLY FILED MATERIALS AND JUDICIAL NOTICE REFERENCES

**Exhibit F — Previously Filed Governance and System Architecture Materials**

(See Docket References Including Docs. 38, 43, 49, and Related Supplements)

Purpose:

References previously filed governance architecture materials, stewardship documentation, operational workflow structures, governance authority records, and system-related submissions already before the Court concerning Plaintiff's governance role, ICP/FEMA operational structures, and related modernization/governance disputes.

**Exhibit G — Relevant Docket Activity and Prior Requests for Relief**

(See Docs. 3, 11, 21, 50, and Related Judicial Notice Requests)

Purpose:

Demonstrates that retaliation, accommodation disputes, governance conflicts, requests for injunctive relief, and protective-order requests were already before the judiciary prior to the current accommodation-linked escalation and disputed performance

**Exhibit H — Previously Filed Decommissioning, Duty Reduction, and Governance Materials**

(See Prior Judicial Notice Filings, Supplements, and Operative Complaint Allegations Relating to Actions 15, 21, 23, and 24)

Purpose:

References previously filed materials and operative allegations concerning the ICP-FEMA decommissioning, reduction of operational duties, stewardship disputes, governance exclusion, disregard of ISO authority, and related operational impacts tied to Plaintiff's Title VII, retaliation, disparate treatment, and Rehabilitation Act claims already before the Court.

**Exhibit I — Letter of Reprimand dated May 5, 2025**

(Related to Operative Allegations Concerning Actions 20 and 24)

Purpose:

Demonstrates continuing escalation following protected disclosures, governance objections, stewardship disputes, and RIF-related pressures, including disciplinary action involving Plaintiff's professional credentials and signature block as part of the broader retaliation and hostile-work-environment framework already alleged before the Court.

**Exhibit J — Performance Appraisal / Supervisory Structure Documentation**

(Related to Operative Allegations Concerning Actions 14, 15, 16, 19, 20, and 24)

Purpose:

Demonstrates disputed and evolving supervisory and appraisal structures involving Amanda Smith, Bradford Mason, Tiffany Hudgins, Joel Doolin, and related

retroactive modifications tied to the disputed Unsatisfactory performance posture now being operationalized within the continuing accommodation-linked escalation at issue in this Motion, including allegations involving accommodation disputes, reduction of duties, disparate treatment, retaliatory scrutiny, and adverse employment actions.

The chronology of Escalated Adverse Actions reflect the following progression:

| **Event** | **Escalation** |
|---|---|
| **Protected disclosures and governance objections regarding ICP/FEMA operations** | Increased scrutiny and operational hostility |
| **October 23, 2023 Letter of Counseling** | Initial formal disciplinary escalation |
| **April 29, 2025 ICP-FEMA system decommission** | Material reduction of operational environment and duties |
| **May 5, 2025 Letter of Reprimand regarding credentials/signature block and PMP Technology Credentials** | Formal reprimand escalation |

| | |
|---|---|
| **Approximate 60% reduction of operational responsibilities following decommission activities** | Material alteration of workload and operational structure |
| **Governance objections and refusal to release untrusted CERT data under FEMA Directive #262-1 Revision 1** | Stewardship determinations characterized as nonperformance |
| **Retroactive supervisory layering and evolving appraisal modifications during 2025** | Disputed performance structure formation |
| **Unsatisfactory performance posture** | Adverse appraisal escalation |
| **Delay and confusion involving appraisal access, supervisory authority, and supporting documentation** | Procedural irregularities and evolving rating structure |
| **April 30, 2026 FMLA submission and HR approval process \| Approved** | Existing protected leave/accommodation posture formally recognized |
| **May 2026 — Tiffany Hudgins initiates renewed RA review activity using disputed** | Performance-based accommodation escalation |

| | |
|---|---|
| **2025 performance posture after FMLA approval** | |
| **May 2026 performance-linked RA reassessment activity** | Attempted use of disputed appraisal posture to alter or reassess accommodations |

**From:** Abrams, Rosalind
**To:** Mason, Bradford; Zuckerman, Amitai
**Cc:** Khatri, Neema; Hudgins, Tiffany; Abrams, Rosalind
**Subject:** RE: (DPS Response 09.22.2025 @ 4:15pm) CERT Data Records for NDEMU
**Date:** Monday, September 22, 2025 4:15:27 PM
**Attachments:** image001.png
**Importance:** High

---

September 22, 2025

Greetings everyone.

Here's a brief update on the Salesforce Community Portal records:

*Data Accessibility:* The data remains inaccessible.

*Contractor ISSO Custodianship:* Contractor ISSOs had served as custodians of certain records; however, they were relieved of their duties on September 10, 2025 and remain relieved until further notice. As of September 22, 2025, they have not been called back, which has contributed to delays in validation and access.

*FEMA Data Sharing Directive: FEMA Directive #262-1 Revision 1:* Requires that data stewards validate datasets as trusted sources before publication or release, with "trusted" defined as logically valid, usable, reliable, and accurate. You cannot separate the records from the lifecycle -- data validation is integral to the decommissioning. As Data Steward, I cannot deem the Salesforce Community Portal data trusted or acceptable for release internally, meaning it does not meet FEMA's own standard for publication, reuse, or closure.

*Recommendation:* At this point, the most prudent approach is to pause further reliance on data relative to the decommissioning of the Salesforce Community Portal and establish a **guardrail**: a compliant restart that ensures accuracy and accountability before any further use.

Please let me know if any additional information is needed.

Best,

Rosalind C. Abrams
Digital Preparedness Specialist | Individual & Community Preparedness Division | National Integration Center | National Preparedness Division
**Email**: rosalind.abrams@fema.dhs.gov
**Business Cell:** 202.664.3877
**fema.gov**

*This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally sensitive information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.*

---

**From:** Mason, Bradford <bradford.mason@fema.dhs.gov>
**Sent:** Thursday, September 18, 2025 5:07 PM
**To:** Abrams, Rosalind <rosalind.abrams@fema.dhs.gov>; Zuckerman, Amitai <amitai.zuckerman@fema.dhs.gov>
**Cc:** Khatri, Neema <neema.khatri@fema.dhs.gov>; Hudgins, Tiffany <tiffany.hudgins@fema.dhs.gov>
**Subject:** RE: CERT Data Records for NDEMU

Rosalind – please provide this data dump in the simplest and/or most user-friendly format possible by COB Monday, September 22, 2025. No special formats or technical requirements were identified or requested. As indicated below, Tai's original request for this data has been pending since September 11, 2025.

The NDEMU program team can work with their IT or Digital team as may be necessary.

Thank you – BCM.

**Bradford C. Mason**
Branch Chief | National Integration Center | National Preparedness Directorate
Office/Mobile: (771) 217-6644
bradford.mason@fema.dhs.gov

Federal Emergency Management Agency
**fema.gov**

---

**From:** Abrams, Rosalind <rosalind.abrams@fema.dhs.gov>
**Sent:** Thursday, September 18, 2025 3:13 PM
**To:** Zuckerman, Amitai <amitai.zuckerman@fema.dhs.gov>
**Cc:** Mason, Bradford <bradford.mason@fema.dhs.gov>; Abrams, Rosalind <rosalind.abrams@fema.dhs.gov>
**Subject:** RE: (DPS 09.18.2025 at 3:12pm. Clarification on File Request) CERT Data Records for NDEMU
**Importance:** High

Hi @Zuckerman, Amitai,

Regarding your request for the CERT Basic Training Program files, can you confirm whether your office is seeking the native web-ready files (HTML, CSS, JS, etc.), or some other packaged format? I want to be clear on the exact requirements before proceeding further.

Best,

Rosalind C. Abrams
Digital Preparedness Specialist | Individual & Community Preparedness Division | National Integration Center | National Preparedness Division
**Email**: rosalind.abrams@fema.dhs.gov
**Business Cell:** 202.664.3877
**fema.gov**

*This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally sensitive information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.*

---

**From:** Zuckerman, Amitai <amitai.zuckerman@fema.dhs.gov>
**Sent:** Thursday, September 18, 2025 2:20 PM
**To:** Abrams, Rosalind <rosalind.abrams@fema.dhs.gov>
**Cc:** Mason, Bradford <bradford.mason@fema.dhs.gov>
**Subject:** RE: (DPS 09.11.2025 at 4:12pm) CERT Data Records for NDEMU

Hello Rosalind,

Do you have an update on access to those records?

Thank you.

Amitai "Tai" Zuckerman
Community Responder Lead | Risk Analysis, Planning & Information Directorate | Resilience
Email: amitai.zuckerman@fema.dhs.gov | Mobile: 202.739.1185

Federal Emergency Management Agency | **fema.gov**

FEMA

FEMA OCC Disclaimer: This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.

---

**From:** Abrams, Rosalind <rosalind.abrams@fema.dhs.gov>
**Sent:** Thursday, September 11, 2025 4:12 PM
**To:** Zuckerman, Amitai <amitai.zuckerman@fema.dhs.gov>
**Cc:** Mason, Bradford <bradford.mason@fema.dhs.gov>; Abrams, Rosalind <rosalind.abrams@fema.dhs.gov>
**Subject:** (DPS 09.11.2025 at 4:12pm) CERT Data Records for NDEMU

September 11, 2025

Hi Tai,

Hope all is well.

Let me look into this and circle back in short order.

Best,

Rosalind C. Abrams
Digital Preparedness Specialist | Individual & Community Preparedness Division | National Integration Center | National Preparedness Division
**Email**: rosalind.abrams@fema.dhs.gov
**Business Cell:** 202.664.3877
**fema.gov**

*This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally sensitive information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.*

---

**From:** Zuckerman, Amitai <amitai.zuckerman@fema.dhs.gov>
**Sent:** Thursday, September 11, 2025 3:15 PM
**To:** Abrams, Rosalind <rosalind.abrams@fema.dhs.gov>
**Cc:** Mason, Bradford <bradford.mason@fema.dhs.gov>
**Subject:** CERT Data Records for NDEMU

Hi Rosalind,

Since we are transferring CERT Basic Training to NDEMU, they asked us for the records of all the CERTs that registered on the portal, which is now archived. Can we please have a file with all those records so we can send to NDEMU?

Thank you.

Amitai "Tai" Zuckerman
Community Responder Lead | Risk Analysis, Planning & Information Directorate | Resilience
Email: amitai.zuckerman@fema.dhs.gov | Mobile: 202.739.1185

Federal Emergency Management Agency | **fema.gov**

FEMA

FEMA OCC Disclaimer: This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.

**From:** Abrams, Rosalind
**To:** Mason, Bradford; Zuckerman, Amitai
**Cc:** Khatri, Neema; Hudgins, Tiffany; Abrams, Rosalind
**Subject:** RE: (DPS Response 09.22.2025 @ 4:15pm) CERT Data Records for NDEMU
**Date:** Monday, September 22, 2025 4:15:27 PM
**Attachments:** image001.png
**Importance:** High

---

September 22, 2025

Greetings everyone.

Here's a brief update on the Salesforce Community Portal records:

*Data Accessibility:* The data remains inaccessible.

*Contractor ISSO Custodianship:* Contractor ISSOs had served as custodians of certain records; however, they were relieved of their duties on September 10, 2025 and remain relieved until further notice. As of September 22, 2025, they have not been called back, which has contributed to delays in validation and access.

*FEMA Data Sharing Directive: FEMA Directive #262-1 Revision 1:* Requires that data stewards validate datasets as trusted sources before publication or release, with "trusted" defined as logically valid, usable, reliable, and accurate. You cannot separate the records from the lifecycle -- data validation is integral to the decommissioning. As Data Steward, I cannot deem the Salesforce Community Portal data trusted or acceptable for release internally, meaning it does not meet FEMA's own standard for publication, reuse, or closure.

*Recommendation:* At this point, the most prudent approach is to pause further reliance on data relative to the decommissioning of the Salesforce Community Portal and establish a **guardrail**: a compliant restart that ensures accuracy and accountability before any further use.

Please let me know if any additional information is needed.

Best,

Rosalind C. Abrams
Digital Preparedness Specialist | Individual & Community Preparedness Division | National Integration Center | National Preparedness Division
**Email**: rosalind.abrams@fema.dhs.gov
**Business Cell:** 202.664.3877
**fema.gov**

*This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally sensitive information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.*

---

**From:** Mason, Bradford <bradford.mason@fema.dhs.gov>
**Sent:** Thursday, September 18, 2025 5:07 PM
**To:** Abrams, Rosalind <rosalind.abrams@fema.dhs.gov>; Zuckerman, Amitai <amitai.zuckerman@fema.dhs.gov>
**Cc:** Khatri, Neema <neema.khatri@fema.dhs.gov>; Hudgins, Tiffany <tiffany.hudgins@fema.dhs.gov>
**Subject:** RE: CERT Data Records for NDEMU

Rosalind – please provide this data dump in the simplest and/or most user-friendly format possible by COB Monday, September 22, 2025. No special formats or technical requirements were identified or requested. As indicated below, Tai's original request for this data has been pending since September 11, 2025.

The NDEMU program team can work with their IT or Digital team as may be necessary.

Thank you – BCM.

**Bradford C. Mason**
Branch Chief | National Integration Center | National Preparedness Directorate
Office/Mobile: (771) 217-6644
bradford.mason@fema.dhs.gov

Federal Emergency Management Agency
**fema.gov**

---

**From:** Abrams, Rosalind <rosalind.abrams@fema.dhs.gov>
**Sent:** Thursday, September 18, 2025 3:13 PM
**To:** Zuckerman, Amitai <amitai.zuckerman@fema.dhs.gov>
**Cc:** Mason, Bradford <bradford.mason@fema.dhs.gov>; Abrams, Rosalind <rosalind.abrams@fema.dhs.gov>
**Subject:** RE: (DPS 09.18.2025 at 3:12pm. Clarification on File Request) CERT Data Records for NDEMU
**Importance:** High

Hi @Zuckerman, Amitai,

Regarding your request for the CERT Basic Training Program files, can you confirm whether your office is seeking the native web-ready files (HTML, CSS, JS, etc.), or some other packaged format? I want to be clear on the exact requirements before proceeding further.

Best,

Rosalind C. Abrams
Digital Preparedness Specialist | Individual & Community Preparedness Division | National Integration Center | National Preparedness Division
**Email**: rosalind.abrams@fema.dhs.gov
**Business Cell:** 202.664.3877
**fema.gov**

*This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally sensitive information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.*

---

**From:** Zuckerman, Amitai <amitai.zuckerman@fema.dhs.gov>
**Sent:** Thursday, September 18, 2025 2:20 PM
**To:** Abrams, Rosalind <rosalind.abrams@fema.dhs.gov>
**Cc:** Mason, Bradford <bradford.mason@fema.dhs.gov>
**Subject:** RE: (DPS 09.11.2025 at 4:12pm) CERT Data Records for NDEMU

Hello Rosalind,

Do you have an update on access to those records?

Thank you.

Amitai "Tai" Zuckerman
Community Responder Lead | Risk Analysis, Planning & Information Directorate | Resilience
Email: amitai.zuckerman@fema.dhs.gov | Mobile: 202.739.1185

Federal Emergency Management Agency | **fema.gov**

FEMA

FEMA OCC Disclaimer: This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.

---

**From:** Abrams, Rosalind <rosalind.abrams@fema.dhs.gov>
**Sent:** Thursday, September 11, 2025 4:12 PM
**To:** Zuckerman, Amitai <amitai.zuckerman@fema.dhs.gov>
**Cc:** Mason, Bradford <bradford.mason@fema.dhs.gov>; Abrams, Rosalind <rosalind.abrams@fema.dhs.gov>
**Subject:** (DPS 09.11.2025 at 4:12pm) CERT Data Records for NDEMU

September 11, 2025

Hi Tai,

Hope all is well.

Let me look into this and circle back in short order.

Best,

Rosalind C. Abrams
Digital Preparedness Specialist | Individual & Community Preparedness Division | National Integration Center | National Preparedness Division
**Email**: rosalind.abrams@fema.dhs.gov
**Business Cell:** 202.664.3877
**fema.gov**

*This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally sensitive information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.*

**From:** Zuckerman, Amitai <amitai.zuckerman@fema.dhs.gov>
**Sent:** Thursday, September 11, 2025 3:15 PM
**To:** Abrams, Rosalind <rosalind.abrams@fema.dhs.gov>
**Cc:** Mason, Bradford <bradford.mason@fema.dhs.gov>
**Subject:** CERT Data Records for NDEMU

Hi Rosalind,

Since we are transferring CERT Basic Training to NDEMU, they asked us for the records of all the CERTs that registered on the portal, which is now archived. Can we please have a file with all those records so we can send to NDEMU?

Thank you.

Amitai "Tai" Zuckerman
Community Responder Lead | Risk Analysis, Planning & Information Directorate | Resilience
Email: amitai.zuckerman@fema.dhs.gov | Mobile: 202.739.1185

Federal Emergency Management Agency | **fema.gov**

FEMA

FEMA OCC Disclaimer: This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.

**From:** Abrams, Rosalind
**To:** Hudgins, Tiffany
**Cc:** Abrams, Rosalind
**Subject:** (DPS 05.14.2026 Forward) FW: Work Schedule Form
**Date:** Thursday, May 14, 2026 4:17:02 PM
**Attachments:** image002.png
image003.png
image004.png
FF-403-FY-21-102 (formerly 106-1-1-1). Request for Work Schedule as submitted 05.14.2026.pdf

---

May 14, 2026

Tiffany,

During today's meeting, you shared that Kimberly Allen had sent me a form in which I had not completed and was due weeks ago. You did not give me the name of the document. After reaching out to Ms. Allen, she confirmed the email communication, nor the document had reached me downstream.

To remedy this matter, I have attached the Work Schedule document and listed you as the supervisor because you signed the 2025 ROR and the 2026 performance plan but still has Nhema Kahtri and Bradford Mason listed as supervisors.

If there is anything else missing or that you believe I should have sent you or agency representatives, please let me know.

Best,

Rosalind C. Abrams
Digital Preparedness Specialist | Individual & Community Preparedness Division | National Integration Center | National Preparedness Division
**Email**: rosalind.abrams@fema.dhs.gov
**Business Cell:** 202.664.3877
**fema.gov**

*This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally sensitive information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.*

---

**From:** Allen, Kimberly <Kimberly.Allen@fema.dhs.gov>

**Sent:** Thursday, May 14, 2026 2:23 PM
**To:** Abrams, Rosalind <rosalind.abrams@fema.dhs.gov>
**Subject:** RE: Work Schedule Form

Good afternoon Rosalind,

I apologize, I thought you were positioned under a branch, so this email was never sent to you by a Branch Chief.

Please complete and have Tiffany sign and we will send your form in right away.

**Kimberly Allen-Holland**
Program & Management Analyst / COR III
Administrative & Program Support Office |National Integration Center
Direct: (202) 286-5186
Kimberly.allen@fema.dhs.gov
Federal Emergency Management Agency
https://www.fema.gov

---

**From:** Abrams, Rosalind <rosalind.abrams@fema.dhs.gov>
**Sent:** Thursday, May 14, 2026 2:13 PM
**To:** Allen, Kimberly <Kimberly.Allen@fema.dhs.gov>
**Cc:** Abrams, Rosalind <rosalind.abrams@fema.dhs.gov>
**Subject:** RE: Work Schedule Form

Thank you so much. Will you please send the email requesting completion, if possible. I still can not find it.

Rosalind C. Abrams
Digital Preparedness Specialist | Individual & Community Preparedness Division | National Integration Center | National Preparedness Division
**Email**: rosalind.abrams@fema.dhs.gov

**Business Cell:** 202.664.3877
**fema.gov**

*This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally sensitive information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.*

---

**From:** Allen, Kimberly <Kimberly.Allen@fema.dhs.gov>
**Sent:** Thursday, May 14, 2026 2:06 PM
**To:** Abrams, Rosalind <rosalind.abrams@fema.dhs.gov>
**Cc:** Allen, Kimberly <Kimberly.Allen@fema.dhs.gov>
**Subject:** Work Schedule Form

Here you go.

**Kimberly Allen-Holland**
Program & Management Analyst / COR III
Administrative & Program Support Office |National Integration Center
Direct: (202) 286-5186
Kimberly.allen@fema.dhs.gov
Federal Emergency Management Agency
https://www.fema.gov

FEMA

Colleagues,

In alignment with DHS Directive 254-04 "Alternative Work Schedules" and FEMA Instruction 106-1-1 "Scheduling of Work", Program and Regional executives may implement alternate work schedules which includes a compressed and/or flexible schedule to further efficiencies within the workforce. Political appointees in Senate confirmed positions, students, and members deployed as part of the Surge Capacity Force are excluded.

FEMA's established core hours are between 9:30a and 3:30p. Employees must arrive to work no later than 9:30a and leave no earlier than 3:30p local time. Schedules may include:

- Traditional work schedule (Monday – Friday) with fixed start and end times.
- Flexible work schedule (Monday – Friday) governed by core hours.
- Compressed work schedule which may consist of four 10-hour workdays (one day off each week of the pay period) or, eight nine-hour workdays with one eight-hour day (one day off each pay period).

The effective date of schedule changes may begin no earlier than Sunday, April 5, 2026 (pay period 7).

Questions may be directed to the Office of the Chief Human Capital Officer, Work Life Programs.

La' Toya Prieur, MBA
Chief Human Capital Officer | Office of the Chief Human Capital Officer | Mission Support
Mobile Phone: (771) 219-5434
Latoya.Prieur@fema.dhs.gov

Executive Assistant: Agnes.Gautier@fema.dhs.gov

Federal Emergency Management Agency
fema.gov

OCHCO Customer Satisfaction Survey

FEMA

Confidentiality Notice
This email message and all documents that accompany it are intended only for the use of the individual or entity to which addressed and may contain information that is privileged, confidential, or exempt from disclosure under applicable law. If the reader is not the intended recipient, any disclosure, distribution, or other use of this email is prohibited. If you have received this email message in error, please notify the sender immediately. Please consider the environment before printing.

| | |
|---|---|
| **From:** | Abrams, Rosalind |
| **To:** | Hudgins, Tiffany |
| **Cc:** | Abrams, Rosalind |
| **Subject:** | (DPS 05.14.2026 Forward) FW: Work Schedule Form |
| **Date:** | Thursday, May 14, 2026 4:17:02 PM |
| **Attachments:** | image002.png<br>image003.png<br>image004.png<br>FF-403-FY-21-102 (formerly 106-1-1-1). Request for Work Schedule as submitted 05.14.2026.pdf |

---

May 14, 2026

Tiffany,

During today's meeting, you shared that Kimberly Allen had sent me a form in which I had not completed and was due weeks ago. You did not give me the name of the document. After reaching out to Ms. Allen, she confirmed the email communication, nor the document had reached me downstream.

To remedy this matter, I have attached the Work Schedule document and listed you as the supervisor because you signed the 2025 ROR and the 2026 performance plan but still has Nhema Kahtri and Bradford Mason listed as supervisors.

If there is anything else missing or that you believe I should have sent you or agency representatives, please let me know.

Best,

Rosalind C. Abrams
Digital Preparedness Specialist | Individual & Community Preparedness Division | National Integration Center | National Preparedness Division
**Email**: rosalind.abrams@fema.dhs.gov
**Business Cell:** 202.664.3877
**fema.gov**

*This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally sensitive information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.*

---

**From:** Allen, Kimberly <Kimberly.Allen@fema.dhs.gov>

**Sent:** Thursday, May 14, 2026 2:23 PM
**To:** Abrams, Rosalind <rosalind.abrams@fema.dhs.gov>
**Subject:** RE: Work Schedule Form

Good afternoon Rosalind,

I apologize, I thought you were positioned under a branch, so this email was never sent to you by a Branch Chief.

Please complete and have Tiffany sign and we will send your form in right away.

**Kimberly Allen-Holland**
Program & Management Analyst / COR III
Administrative & Program Support Office |National Integration Center
Direct: (202) 286-5186
Kimberly.allen@fema.dhs.gov
Federal Emergency Management Agency
https://www.fema.gov

U.S. DEPARTMENT OF HOMELAND SECURITY FEMA

---

**From:** Abrams, Rosalind <rosalind.abrams@fema.dhs.gov>
**Sent:** Thursday, May 14, 2026 2:13 PM
**To:** Allen, Kimberly <Kimberly.Allen@fema.dhs.gov>
**Cc:** Abrams, Rosalind <rosalind.abrams@fema.dhs.gov>
**Subject:** RE: Work Schedule Form

Thank you so much. Will you please send the email requesting completion, if possible. I still can not find it.

Rosalind C. Abrams
Digital Preparedness Specialist | Individual & Community Preparedness Division | National Integration Center | National Preparedness Division
**Email**: rosalind.abrams@fema.dhs.gov

**Business Cell:** 202.664.3877
fema.gov

*This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally sensitive information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.*

---

**From:** Allen, Kimberly <Kimberly.Allen@fema.dhs.gov>
**Sent:** Thursday, May 14, 2026 2:06 PM
**To:** Abrams, Rosalind <rosalind.abrams@fema.dhs.gov>
**Cc:** Allen, Kimberly <Kimberly.Allen@fema.dhs.gov>
**Subject:** Work Schedule Form

Here you go.

**Kimberly Allen-Holland**
Program & Management Analyst / COR III
Administrative & Program Support Office |National Integration Center
Direct: (202) 286-5186
Kimberly.allen@fema.dhs.gov
Federal Emergency Management Agency
https://www.fema.gov

FEMA

Colleagues,

In alignment with DHS Directive 254-04 "Alternative Work Schedules" and FEMA Instruction 106-1-1 "Scheduling of Work", Program and Regional executives may implement alternate work schedules which includes a compressed and/or flexible schedule to further efficiencies within the workforce. Political appointees in Senate confirmed positions, students, and members deployed as part of the Surge Capacity Force are excluded.

FEMA's established core hours are between 9:30a and 3:30p. Employees must arrive to work no later than 9:30a and leave no earlier than 3:30p local time. Schedules may include:

- Traditional work schedule (Monday – Friday) with fixed start and end times.
- Flexible work schedule (Monday – Friday) governed by core hours.
- Compressed work schedule which may consist of four 10-hour workdays (one day off each week of the pay period) or, eight nine-hour workdays with one eight-hour day (one day off each pay period).

The effective date of schedule changes may begin no earlier than Sunday, April 5, 2026 (pay period 7).

Questions may be directed to the Office of the Chief Human Capital Officer, Work Life Programs.

La' Toya Prieur, MBA
Chief Human Capital Officer | Office of the Chief Human Capital Officer | Mission Support
Mobile Phone: (771) 219-5434
Latoya.Prieur@fema.dhs.gov

Executive Assistant: Agnes.Gautier@fema.dhs.gov

Federal Emergency Management Agency
fema.gov

OCHCO Customer Satisfaction Survey

FEMA

Confidentiality Notice
This email message and all documents that accompany it are intended only for the use of the individual or entity to which addressed and may contain information that is privileged, confidential, or exempt from disclosure under applicable law. If the reader is not the intended recipient, any disclosure, distribution, or other use of this email is prohibited. If you have received this email message in error, please notify the sender immediately. Please consider the environment before printing.

DEPARTMENT OF HOMELAND SECURITY

Federal Emergency Management Agency

# REQUEST FOR WORK SCHEDULE

**INSTRUCTIONS**: Choose the work schedule you would like to request per guidance in FEMA Instruction 106-1-1, Scheduling of Work, by checking the box and entering the required information. Submit the completed form to your supervisor for approval.

## SECTION I: Employee Information

1. Check one of the following: ☒ New ☐ Change in Existing Work Schedule

| 2. Employee Name | 3. Organization | 4. Position Title | 5. Series and Grade |
|---|---|---|---|
| ROSALIND COLLETTE ABRAMS | FEMA | MANAGEMENT& PROGRAM ANAL | 0343/13 |

| 6. Office Telephone Number | 7. Supervisor (Name/Title) |
|---|---|
| 202.664.3877 | Tiffany L. Hudgins / NIC Director |

## SECTION II: Schedule Selection (Select one of the following options)

Traditional Work Schedule (TWS)

☐ A work schedule with fixed start and end times determined by the supervisor

Compressed Work Schedule (CWS)

☐ In the case of a full-time employee, an 80-hour biweekly basic work requirement that is scheduled to be fulfilled in fewer than ten workdays
In the case of a part-time employee, a biweekly basic work requirement of 64 hours or less scheduled to be fulfilled in fewer than ten workdays

Flexible Work Schedule (FWS)

☒ Maxiflex - A type of flexible work schedule that contains core hours on fewer than ten workdays in the biweekly pay period and in which a full-time employee has a basic work requirement of 80 hours for the biweekly pay period, but in which an employee may vary the number of hours worked on a given workday or the number of hours each week within established limits

☐ Gliding schedule - A type of flexible work schedule in which a full-time employee has a basic work requirement of eight hours in each day and 40 hours in each week, may select a starting and stopping time each day, and may change starting and stopping times daily within the established flexible timebands

☐ Variable day schedule - A flexible work schedule containing core hours on each workday in the week and in which a full-time employee has a basic work requirement of 40 hours in each week of the biweekly pay period, but in which an employee may vary the number of hours worked on a given workday within the week.

☐ Variable week schedule - A flexible work schedule containing core hours on each workday in the biweekly pay period and in which a full-time employee has a basic work requirement of 80 hours for the biweekly pay period, but in which an employee may vary the number of hours on a given workday or the number of hours each week.

DUTY HOURS: Please indicate the arrival and departure times for each day below. Complete the duty hours for both weeks, indicating your day(s) off.

| WEEK 1 | | | | |
|---|---|---|---|---|
| Monday | 6:00 | a.m. to | 5:30 | p.m. |
| Tuesday | 6:00 | a.m. to | 5:30 | p.m. |
| Wednesday | 6:00 | a.m. to | 5:30 | p.m. |
| Thursday | 6:00 | a.m. to | 5:30 | p.m. |
| Friday | | a.m. to | | p.m. |
| Saturday | | a.m. to | | p.m. |
| Sunday | | a.m. to | | p.m. |

| WEEK 2 | | | | |
|---|---|---|---|---|
| Monday | 6:00 | a.m. to | 5:30 | p.m. |
| Tuesday | 6:00 | a.m. to | 4:30 | p.m. |
| Wednesday | 7:00 | a.m. to | 3:30 | p.m. |
| Thursday | 7:00 | a.m. to | 3:30 | p.m. |
| Friday | | a.m. to | | p.m. |
| Saturday | | a.m. to | | p.m. |
| Sunday | | a.m. to | | p.m. |

Employee's official tour of duty must include a 30-minute uncompensated lunch or meal break.

## SECTION III: Approval

EMPLOYEE'S SIGNATURE: ROSALIND C ABRAMS Digitally signed by ROSALIND C ABRAMS Date: 2026.05.14 15:19:18 -04'00'

Date

SUPERVISORY ACTION:

☐ Approved (forward signed form to timekeeper for coding)

☐ Disapproved (attach written disapproval justification and maintain in employee file)

☐ Approved with the following modifications (attach written modification justification and maintain in employee file)

SUPERVISOR'S SIGNATURE: ____________ Date ____________ Change Effective:

DEPARTMENT OF HOMELAND SECURITY
Federal Emergency Management Agency

# REQUEST FOR WORK SCHEDULE

**INSTRUCTIONS**: Choose the work schedule you would like to request per guidance in FEMA Instruction 106-1-1, Scheduling of Work, by checking the box and entering the required information. Submit the completed form to your supervisor for approval.

**SECTION I: Employee Information**

1. Check one of the following: ☒ New ☐ Change in Existing Work Schedule

| 2. Employee Name | 3. Organization | 4. Position Title | 5. Series and Grade |
|---|---|---|---|
| ROSALIND COLLETTE ABRAMS | FEMA | MANAGEMENT& PROGRAM ANAL | 0343/13 |

| 6. Office Telephone Number | 7. Supervisor (Name/Title) |
|---|---|
| 202.664.3877 | Tiffany L. Hudgins / NIC Director |

**SECTION II: Schedule Selection (Select one of the following options)**

Traditional Work Schedule (TWS) ☐ A work schedule with fixed start and end times determined by the supervisor

Compressed Work Schedule (CWS) ☐ In the case of a full-time employee, an 80-hour biweekly basic work requirement that is scheduled to be fulfilled in fewer than ten workdays
In the case of a part-time employee, a biweekly basic work requirement of 64 hours or less scheduled to be fulfilled in fewer than ten workdays

Flexible Work Schedule (FWS) ☒ Maxiflex - A type of flexible work schedule that contains core hours on fewer than ten workdays in the biweekly pay period and in which a full-time employee has a basic work requirement of 80 hours for the biweekly pay period, but in which an employee may vary the number of hours worked on a given workday or the number of hours each week within established limits

☐ Gliding schedule - A type of flexible work schedule in which a full-time employee has a basic work requirement of eight hours in each day and 40 hours in each week, may select a starting and stopping time each day, and may change starting and stopping times daily within the established flexible timebands

☐ Variable day schedule - A flexible work schedule containing core hours on each workday in the week and in which a full-time employee has a basic work requirement of 40 hours in each week of the biweekly pay period, but in which an employee may vary the number of hours worked on a given workday within the week.

☐ Variable week schedule - A flexible work schedule containing core hours on each workday in the biweekly pay period and in which a full-time employee has a basic work requirement of 80 hours for the biweekly pay period, but in which an employee may vary the number of hours on a given workday or the number of hours each week.

DUTY HOURS: Please indicate the arrival and departure times for each day below. Complete the duty hours for both weeks, indicating your day(s) off.

| WEEK 1 | | | | |
|---|---|---|---|---|
| Monday | 6:00 | a.m. to | 5:30 | p.m. |
| Tuesday | 6:00 | a.m. to | 5:30 | p.m. |
| Wednesday | 6:00 | a.m. to | 5:30 | p.m. |
| Thursday | 6:00 | a.m. to | 5:30 | p.m. |
| Friday | | a.m. to | | p.m. |
| Saturday | | a.m. to | | p.m. |
| Sunday | | a.m. to | | p.m. |

| WEEK 2 | | | | |
|---|---|---|---|---|
| Monday | 6:00 | a.m. to | 5:30 | p.m. |
| Tuesday | 6:00 | a.m. to | 4:30 | p.m. |
| Wednesday | 7:00 | a.m. to | 3:30 | p.m. |
| Thursday | 7:00 | a.m. to | 3:30 | p.m. |
| Friday | | a.m. to | | p.m. |
| Saturday | | a.m. to | | p.m. |
| Sunday | | a.m. to | | p.m. |

Employee's official tour of duty must include a 30-minute uncompensated lunch or meal break.

**SECTION III: Approval**

EMPLOYEE'S SIGNATURE: ROSALIND C ABRAMS Digitally signed by ROSALIND C ABRAMS Date: 2026.05.14 15:19:18 -04'00' ______ Date

SUPERVISORY ACTION:

☐ Approved (forward signed form to timekeeper for coding)

☐ Disapproved (attach written disapproval justification and maintain in employee file)

☐ Approved with the following modifications (attach written modification justification and maintain in employee file)

SUPERVISOR'S SIGNATURE: ______ ______ Date ______ Change Effective:

4months,SUBMDJ,SUBMMG,TRJLC3

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CIVIL DOCKET FOR CASE #: 1:25-cv-04311-TRJ-JKL

Abrams v. Department of Homeland Security et al
Assigned to: Judge Tiffany R. Johnson
Referred to: Magistrate Judge John K. Larkins, III
Cause: 42:2000e Job Discrimination (other)

Date Filed: 08/01/2025
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Rosalind Collette Abrams**

represented by **Rosalind Collette Abrams**
1267 Trident Maple Chase
Lawrenceville, GA 30045
478-334-9525
PRO SE

V.

**Defendant**

**Department of Homeland Security**

represented by **Jonathan Letzring**
United States Attorney -Atl
75 Ted Turner Drive Southwest
600 U.S. Courthouse
Atlanta, GA 30303
404-581-6000
Email: jonathan.letzring@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Federal Emergency Management Agency**

represented by **Jonathan Letzring**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/01/2025 | 1 | COMPLAINT filed by Rosalind C. Abrams. (Filing fee $405, receipt number 100020897) (Attachments: # 1 Exhibit Table of Authorities, # 2 Civil Cover Sheet) (fbj) Please visit our website at http://www.gand.uscourts.gov/commonly-used-forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 08/04/2025) |
| 08/01/2025 | 2 | MOTION for Protective Order - Preservation of Evidence by Rosalind C. Abrams. (fbj) (Entered: 08/04/2025) |
| 08/01/2025 | 3 | MOTION for Protective Order Regarding Retaliation and Attempts of Constructive Discharge, Unlawful Termination Attempts, Agency Misconduct by Rosalind C. Abrams. (fbj) (Entered: 08/04/2025) |
| 08/01/2025 | 4 | MOTION to Supplement the Record with Exhibits by Rosalind C. Abrams. (fbj) (Entered: 08/04/2025) |
| 08/04/2025 | | Submission of 2 MOTION for Protective Order, 3 MOTION for Protective Order, 4 MOTION to Supplement, to Magistrate Judge John K. Larkins. (fbj) (Entered: 08/04/2025) |
| 08/06/2025 | 5 | ORDER. The motion to Supplement the Record 4 is GRANTED, to the extent Plaintiff can bring clarity to the action she brings. As part of this supplementation, the Court ORDERS Plaintiff to file a repleaded complaint by August 27, 2025. Plaintiffs motions for protective orders 2 , 3 are premature, particularly given that repleading is required, these motions 2 , 3 are DENIED. Signed by Magistrate Judge John K. Larkins, III on 8/6/2025. (djs) (Entered: 08/06/2025) |
| 08/06/2025 | | Clerk's Certificate of Mailing as to Rosalind C. Abrams re 5 Order (djs) (Entered: 08/06/2025) |
| 08/27/2025 | 6 | AMENDED COMPLAINT against Department of Homeland Security, Federal Emergency Management Agency filed by Rosalind C. Abrams.(djs) Please visit our website at http://www.gand.uscourts.gov/commonly-used-forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 08/28/2025) |
| 08/27/2025 | 7 | MOTION for Sanctions and Preservation Orderby Rosalind C. Abrams. (djs) (Entered: 08/28/2025) |
| 08/27/2025 | 8 | MOTION to Clarify by Rosalind C. Abrams. (djs) (Entered: 08/28/2025) |
| 08/27/2025 | 9 | CERTIFICATE OF SERVICE re 6 Amended Complaint, by Rosalind C. Abrams.(djs) (Entered: 08/28/2025) |
| 08/27/2025 | 10 | Proposed Preservation Order. (djs) (Entered: 08/28/2025) |
| 08/27/2025 | 11 | MOTION for Protective Order and Injunctive Reliefby Rosalind C. Abrams. (djs) (Entered: 08/28/2025) |
| 08/27/2025 | 12 | MOTION to Compel Upload of Administrative EEOC Record into ECF/Pacerby Rosalind C. Abrams. (djs) (Entered: 08/28/2025) |
| 08/28/2025 | | Submission of 6 Amended Complaint,, to Magistrate Judge John K. Larkins III. (djs) (Entered: 08/28/2025) |
| 08/28/2025 | 13 | ORDER denying 7 Motion for Sanctions; denying 11 Motion for Protective Order; denying 12 Motion to Compel. Next, Plaintiffs motion to clarify 8 is not actually a motion, but rather some kind of supplement to her amended complaint. The filing does not request any action from the Court. Accordingly, there is nothing pending before the Court and the Clerk is DIRECTED |

| | | |
|---|---|---|
| | | to remove the indication that this filing is a motion. Signed by Magistrate Judge John K. Larkins, III on 8/28/2025. (djs) (Entered: 08/28/2025) |
| 08/28/2025 | | Clerk's Certificate of Mailing as to Rosalind C. Abrams re 13 Order. (djs) (Entered: 08/28/2025) |
| 09/02/2025 | 14 | MOTION for Judicial Notice of DHS Press Release by Rosalind C. Abrams. (djs) (Entered: 09/04/2025) |
| 09/12/2025 | 15 | MOTION to Request Marshal Service of Process by Rosalind C. Abrams. (djs) (Entered: 09/16/2025) |
| 09/12/2025 | 16 | NOTICE of Filing Biography by Rosalind C. Abrams (djs) (Entered: 09/16/2025) |
| 09/12/2025 | 17 | NOTICE of Filing Affidavits of Process Service by Rosalind C. Abrams (djs) (Entered: 09/16/2025) |
| 09/22/2025 | 18 | ORDER denying 15 Motion to Request Marshal Service of Process. Signed by Magistrate Judge John K. Larkins, III on 9/22/2025. (djs) (Entered: 09/23/2025) |
| 09/23/2025 | | Clerk's Certificate of Mailing as to Rosalind C. Abrams re 18 Order. (djs) (Entered: 09/23/2025) |
| 09/24/2025 | | Submission of 14 MOTION for Judicial Notice of DHS Press Release, to Magistrate Judge John K. Larkins III. (bmr) (Entered: 09/24/2025) |
| 09/24/2025 | 19 | MOTION for Judicial Review by Rosalind C. Abrams. (Attachments: # 1 Text of Proposed Order)(djs) (Entered: 09/25/2025) |
| 09/24/2025 | 20 | NOTICE of Filing of Agency Non Compliance with EEOC order by Rosalind C. Abrams (djs) (Entered: 09/25/2025) |
| 09/24/2025 | 21 | MOTION for Recusal of the Department of Justice and for Injunctive and Protective Relief by Rosalind C. Abrams. (djs) (Entered: 09/25/2025) |
| 09/24/2025 | 22 | Supplemental Notice of Filing and Service of Affidavits by Rosalind C. Abrams (djs) (Entered: 09/25/2025) |
| 09/26/2025 | 23 | NOTICE of Jury Demand and Filing of Supporting Exhibit VIII by Rosalind C. Abrams (djs) (Entered: 09/29/2025) |
| 09/29/2025 | 24 | RESPONSE re 13 Plaintiff's Objections to Denial of Protective Order filed by Rosalind C. Abrams. (djs) (Entered: 09/29/2025) |
| 10/01/2025 | 25 | ADMINISTRATIVE ORDER 25-01 Staying Civil Litigation in which the United States is a Party in Light of Lapse of Appropriations. Signed by Chief Judge Leigh Martin May on 10/1/2025. (bgt) (Entered: 10/06/2025) |
| 10/06/2025 | | Clerk's Certificate of Mailing as to Rosalind C. Abrams re 25 Order. (bgt) (Entered: 10/06/2025) |
| 10/09/2025 | 26 | NOTICE of Acknowledgment of Administrative Stay Order by Rosalind C. Abrams (djs) (Entered: 10/10/2025) |
| 10/09/2025 | 27 | NOTICE of Filing Index of Enclosures by Rosalind C. Abrams (djs) (Entered: 10/10/2025) |
| 10/09/2025 | 28 | MOTION to Correct the Docket by Rosalind C. Abrams. (Attachments: # 1 Text of Proposed Order)(djs) (Entered: 10/10/2025) |
| 10/09/2025 | 29 | MOTION for Judicial Verification of Service Compliance by Rosalind C. Abrams. (Attachments: # 1 Text of Proposed Order) (djs) (Entered: 10/10/2025) |
| 10/09/2025 | 30 | MOTION to Supplement the Record by Rosalind C. Abrams. (djs) (Entered: 10/10/2025) |

| | | |
|---|---|---|
| 11/13/2025 | 31 | ADMINISTRATIVE ORDER 25-03 Lifting Stay of Civil Litigation in Which the United States is a Party in Light of Restoration of Appropriations. The stay imposed by Administrative Order 25-01 is hereby LIFTED effective November 13, 2025. All deadlines in place as of October 1, 2025, in cases stayed by Administrative Order 25-01 are hereby EXTENDED by 46 days. Signed by Chief Judge Leigh Martin May on 11/13/2025. (bgt) (Entered: 11/13/2025) |
| 11/13/2025 | | Clerk's Certificate of Mailing as to all non-electronically registered counsel re Administrative Order 25-03. (bgt) (Entered: 11/13/2025) |
| 12/16/2025 | | Submission of 28 MOTION to Correct the Docket, 21 MOTION for Recusal, 19 MOTION for Judicial Review, 30 MOTION to Supplement, 29 MOTION, to Magistrate Judge John K. Larkins III. (bmr) (Entered: 12/16/2025) |
| 12/16/2025 | 32 | Unopposed MOTION for Extension of Time to File Answer re 6 Amended Complaint, with Brief In Support by Department of Homeland Security, Federal Emergency Management Agency. (Attachments: # 1 Brief, # 2 Text of Proposed Order)(Sandoval, Andres) (Entered: 12/16/2025) |
| 12/16/2025 | 33 | Unopposed MOTION for Extension of Time to File Answer re 6 Amended Complaint, with Brief In Support by Department of Homeland Security, Federal Emergency Management Agency. (Attachments: # 1 Brief, # 2 Text of Proposed Order)(Letzring, Jonathan) (Entered: 12/16/2025) |
| 12/16/2025 | 34 | NOTICE by Department of Homeland Security, Federal Emergency Management Agency re 32 Unopposed MOTION for Extension of Time to File Answer re 6 Amended Complaint, *to Withdraw Docket Entry 32* (Letzring, Jonathan) (Entered: 12/16/2025) |
| 12/16/2025 | 35 | ORDER: Defendants motion for an extension of time 32 is GRANTED. Defendant shall have until February 4, 2026, to answer or otherwise respond to Plaintiffs amended complaint. Defendant appears to have accidentally filed a duplicate motion for extension of time 33 that is an exact replica of its initial motion. That motion is DENIED as moot. Signed by Magistrate Judge John K. Larkins, III on 12/16/2025. (djs) (Entered: 12/16/2025) |
| 12/16/2025 | | Clerk's Certificate of Mailing as to Rosalind C. Abrams re 35 Order (djs) (Entered: 12/16/2025) |
| 01/09/2026 | 36 | MOTION for Leave to File a Limited Amended Complaintby Rosalind C. Abrams. (Attachments: # 1 Proposed Amended Complaint)(mrg) (Entered: 01/12/2026) |
| 01/14/2026 | 37 | ORDER granting 36 Motion to Amend. The Clerk is DIRECTED to docket the amended complaint [Doc. 36-1] as the operative complaint in this case. Signed by Magistrate Judge John K. Larkins, III on 1/14/2026. (djs) (Entered: 01/14/2026) |
| 01/14/2026 | 38 | AMENDED COMPLAINT against Department of Homeland Security, Federal Emergency Management Agency filed by Rosalind Collette Abrams.(djs) Please visit our website at http://www.gand.uscourts.gov/commonly-used-forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 01/14/2026) |
| 01/14/2026 | | Clerk's Certificate of Mailing as to Rosalind Collette Abrams re 37 Order on Motion to Amend. (djs) (Entered: 01/14/2026) |
| 01/15/2026 | 39 | MOTION for Leave to File Second Amended Complaint by Rosalind Collette Abrams. (Attachments: # 1 Proposed amended complaint)(djs) (Entered: 01/16/2026) |

| | | |
|---|---|---|
| 01/21/2026 | 40 | ORDER: Plaintiffs motion for leave to file a second amended complaint 39 is DENIED. If Plaintiff wants to amend her complaint a second time, she should file a motion for leave to do so, attaching a proposed second amended complaint that does not incorporate by reference but rather includes and/or attaches any pertinent claims and exhibits. Signed by Magistrate Judge John K. Larkins, III on 1/21/2026. (djs) (Entered: 01/21/2026) |
| 01/21/2026 | | Clerk's Certificate of Mailing as to Rosalind Collette Abrams re 40 Order on Motion to Amend. (djs) (Entered: 01/21/2026) |
| 01/23/2026 | 41 | MOTION for Leave to File to file Amended Complaintby Rosalind Collette Abrams. (Attachments: # 1 Proposed amended complaint)(djs) (Entered: 01/27/2026) |
| 01/27/2026 | | Submission of 41 MOTION for Leave to File to file Amended Complaint, to Magistrate Judge John K. Larkins III. (djs) (Entered: 01/27/2026) |
| 01/27/2026 | 42 | ORDER: The Court finds good cause for the proposed amendment and GRANTS Plaintiffs motion for leave to amend 41 . The Clerk is DIRECTED to docket the amended complaint [Doc. 41-1] as the operative complaint in this case. Defendants answer or other response is thus due on February 10, 2026, and it should address the claims and factual allegations asserted in the amended complaint, which supplants and supersedes the original complaint. Signed by Magistrate Judge John K. Larkins, III on 1/27/2026. (djs) (Entered: 01/27/2026) |
| 01/27/2026 | | Clerk's Certificate of Mailing as to Rosalind Collette Abrams re 42 Order.(djs) (Entered: 01/27/2026) |
| 01/27/2026 | 43 | SECOND AMENDED COMPLAINT against Department of Homeland Security, Federal Emergency Management Agency with Jury Demand filed by Rosalind Collette Abrams.(djs) Please visit our website at http://www.gand.uscourts.gov/commonly-used-forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 01/27/2026) |
| 02/10/2026 | 44 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and Lack of Subject Matter Jurisdiction as to Whistleblower Protection Act Retaliation Claim* with Brief In Support by Department of Homeland Security, Federal Emergency Management Agency. (Attachments: # 1 Brief In Support of Motion to Dismiss, # 2 Exhibit A (Administrative Judge MSPB Decision)) (Letzring, Jonathan) (Entered: 02/10/2026) |
| 02/26/2026 | 45 | CERTIFICATE of Compliance by Rosalind Collette Abrams (djs) (Entered: 03/03/2026) |
| 02/26/2026 | 46 | RESPONSE in Opposition re 44 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and Lack of Subject Matter Jurisdiction as to Whistleblower Protection Act Retaliation Claim* filed by Rosalind Collette Abrams. (djs) (Entered: 03/03/2026) |
| 03/12/2026 | 47 | Notice for Leave of Absence for the following date(s): April 3, 2026 to April 10, 2026, by Jonathan Letzring. (Letzring, Jonathan) (Entered: 03/12/2026) |
| 03/13/2026 | 48 | CERTIFICATE of Compliance by Rosalind Collette Abrams (djs) (Entered: 03/16/2026) |
| 03/13/2026 | 49 | MOTION to Supplement the Record with Declaration and System Owner (Information Technology Governance) Official Appointment Letter by Rosalind Collette Abrams. (djs) (Entered: 03/16/2026) |

| | | |
|---|---|---|
| 03/13/2026 | 50 | EMERGENCY MOTION for Preliminary Injunction by Rosalind Collette Abrams. (djs) (Entered: 03/16/2026) |
| 03/13/2026 | 51 | MOTION For Judicial Notice of Related Federal Court Filings Regarding Defendants' Admissions by Rosalind Collette Abrams. (djs) (Entered: 03/16/2026) |
| 03/13/2026 | 52 | MOTION To Supplement the Record and Request for Judicial Notice by Rosalind Collette Abrams. (djs) (Entered: 03/16/2026) |
| 03/18/2026 | | Submission of 44 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and Lack of Subject Matter Jurisdiction as to Whistleblower Protection Act Retaliation Claim*, to Magistrate Judge John K. Larkins III. (bmr) (Entered: 03/18/2026) |
| 03/18/2026 | 53 | MOTION for Expedited Status Conference and Preservation Order by Rosalind Collette Abrams. (djs) (Entered: 03/20/2026) |
| 03/18/2026 | 54 | NOTICE of Filing of Supplement to Exhibits in support of Emergency Motion by Rosalind Collette Abrams (djs) (Entered: 03/20/2026) |
| 03/24/2026 | 55 | NOTICE of Filing Plaintiff's Notice And Request For Judicial Notice Of Related Mandamus Proceeding by Rosalind Collette Abrams (djs) (Entered: 03/26/2026) |
| 03/31/2026 | 56 | ORDER: Defendants are ORDERED to respond to the motions within fourteen (14) days of the date of this order, by April 14, 2026. Plaintiff may, but is not required to, file a reply in support of her motions. Any reply must be submitted to the Court by April 28, 2026. Signed by Magistrate Judge John K. Larkins, III on 3/31/2026. (djs) (Entered: 04/01/2026) |
| 04/01/2026 | | Clerk's Certificate of Mailing as to Rosalind Collette Abrams re 56 Order (djs) (Entered: 04/01/2026) |
| 04/02/2026 | 57 | NON-FINAL REPORT AND RECOMMENDATION re 44 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM it is RECOMMENDED that Defendants motion to dismiss 44 be GRANTED but that Plaintiff be directed to file a more definite statement under Rule 12(e) that addresses the issues identified in this report and recommendation. Finally, Plaintiff is cautioned that, even though she is proceeding pro se, she is required to comply with this Courts Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Among other things, she must ensure that her filings comply with the font and formatting requirements of Local Rule 5.1. The Court may disregard documents that do not comply with the Local Rules. She is also reminded that [e]very pleading, written motion, and other paper must be signed... by a party personally if the party is unrepresented. Fed. R. Civ. 11(a). And because it appears that Plaintiff is using generative artificial intelligence (AI) [see, e.g., Doc. 53 at 14 (indicating Google Law Used)], she is warned that AI platforms are not attorneys and that they are notorious for generating false and misleading information. The parties alone are responsible for the accuracy and reliability of ALL papers filed with the Court, including any quotations, citations, paraphrased assertions, and legal analysis. Papers prepared with the assistance of AI tools must be carefully reviewed and verified before submission to the Court. The submission of inaccurate or non-existent authorities may result in sanctions, including dismissal of this action and the award of attorney fees. Signed by Magistrate Judge John K. Larkins, III on 4/2/2026. (djs) (Entered: 04/02/2026) |
| 04/02/2026 | 58 | ORDER for Service of 57 Report and Recommendation by Magistrate Judge John K. Larkins, III. Each party may file written objections to the Report & Recommendation within 14 days of service. If no objections are filed, the Report & Recommendation may be adopted as the opinion and order of the District Court. Signed by Magistrate Judge John K. Larkins, III on 4/2/2026. (djs) (Entered: 04/02/2026) |

| | | |
|---|---|---|
| 04/02/2026 | | Clerk's Certificate of Mailing as to Rosalind Collette Abrams re 57 REPORT AND RECOMMENDATION, 58 Order for Service of Report and Recommendation. (djs) (Entered: 04/02/2026) |
| 04/14/2026 | 59 | RESPONSE in Opposition re 30 MOTION to Supplement, 51 MOTION, 50 MOTION for Preliminary Injunction, 29 MOTION, 19 MOTION for Judicial Review, 28 MOTION to Correct the Docket, 49 MOTION, 21 MOTION for Recusal, 14 MOTION for Judicial Notice of DHS Press Release, 52 MOTION To Supplement the Record and Request for Judicial Notice, 53 MOTION filed by Department of Homeland Security, Federal Emergency Management Agency. (Letzring, Jonathan) (Entered: 04/14/2026) |
| 04/16/2026 | 60 | OBJECTIONS to 57 Report and Recommendation filed by Rosalind Collette Abrams. (djs) (Entered: 04/17/2026) |
| 04/20/2026 | 61 | MOTION for Recusal of Magistrate Judge Larkins and District Judge Johnson by Rosalind Collette Abrams. (djs) (Entered: 04/21/2026) |
| 04/20/2026 | 62 | CORRECTED OBJECTIONS to 57 Report and Recommendation filed by Rosalind Collette Abrams. (Attachments: # 1 Corrected objections)(djs) (Entered: 04/21/2026) |
| 04/21/2026 | 63 | ORDER: The motion to recuse 61 is DENIED. Plaintiff is WARNED that any further filings that fail to comply with Local Rule 5.1 will be stricken. Signed by Magistrate Judge John K. Larkins, III on 4/21/2026. (djs) (Entered: 04/21/2026) |
| 04/21/2026 | | Clerk's Certificate of Mailing as to Rosalind Collette Abrams re 63 Order. (djs) (Entered: 04/21/2026) |
| 04/23/2026 | 64 | RESPONSE re 60 Objections to Report and Recommendation, 62 Objections to Report and Recommendation *Response in opposition to Plaintiff's objections to R&R* filed by Department of Homeland Security, Federal Emergency Management Agency. (Letzring, Jonathan) (Entered: 04/23/2026) |
| 04/24/2026 | 65 | RESPONSE re 64 Response (Non-Motion), filed by Rosalind Collette Abrams. (djs) (Entered: 04/27/2026) |
| 04/24/2026 | 66 | CERTIFICATE OF SERVICE re 65 Response (Non-Motion) by Rosalind Collette Abrams.(djs) (Entered: 04/27/2026) |
| 04/24/2026 | 67 | Plaintiff's Omnibus Reply in Support of Pending Motions and Rebuttal to Defendants' Consolidated Response re 59 Response in Opposition to Motion, filed by Rosalind Collette Abrams. (djs) (Entered: 04/27/2026) |
| 04/24/2026 | 68 | CERTIFICATE OF SERVICE re 67 Response (Non-Motion) by Rosalind Collette Abrams.(djs) (Entered: 04/27/2026) |
| 04/24/2026 | 69 | NOTICE of Filing Regarding the Use of AI by Rosalind Collette Abrams (djs) (Entered: 04/27/2026) |
| 04/27/2026 | 70 | NON-FINAL REPORT AND RECOMMENDATION re 50 MOTION for Preliminary Injunction filed by Rosalind Collette Abrams, it is RECOMMENDED that Plaintiff's motion for a preliminary injunction 50 be DENIED. Signed by Magistrate Judge John K. Larkins, III on 4/27/2026. (djs) (Entered: 04/28/2026) |
| 04/27/2026 | | ORDER: (Ruling found in R&R 70 ) In sum, none of Plaintiff's motions have merit. It is ORDERED that Plaintiff's remaining motions 14 , 19 , 21 , 28 , 29 , 30 , 49 , 51 , 52 , and 53 be DENIED. Signed by Magistrate Judge John K. Larkins, III on 4/27/2026. (djs) (Entered: 04/28/2026) |

| | | |
|---|---|---|
| 04/27/2026 | 71 | ORDER for Service of 70 Report and Recommendation, by Magistrate Judge John K. Larkins, III. Each party may file written objections to the Report & Recommendation within 14 days of service. If no objections are filed, the Report & Recommendation may be adopted as the opinion and order of the District Court. Signed by Magistrate Judge John K. Larkins, III on 4/27/2026. (djs) (Entered: 04/28/2026) |
| 04/28/2026 | | Clerk's Certificate of Mailing as to Rosalind Collette Abrams re 70 REPORT AND RECOMMENDATION 71 Order for Service of Report and Recommendation. (djs) (Entered: 04/28/2026) |
| 05/01/2026 | | Submission of 56 Order, Set Submission Deadline, 57 REPORT AND RECOMMENDATION re: 44 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and Lack of Subject Matter Jurisdiction as to Whistleblower Protection Act Retaliation Claim* filed by Federal Emergency Management Agency, Department of Home, to District Judge Tiffany R. Johnson. (bmr) (Entered: 05/01/2026) |
| 05/11/2026 | 72 | OBJECTIONS to 70 Report and Recommendation filed by Rosalind Collette Abrams. (mrg) (Entered: 05/12/2026) |
| 05/11/2026 | 73 | MOTION for Leave to File Objections Out of Time nunc pro tuncby Rosalind Collette Abrams. (mrg) (Entered: 05/12/2026) |
| 05/12/2026 | | ORDER by docket entry only GRANTING 73 Plaintiff's Motion for Leave to File to File Objections Out of Time Nun Pro Tunc. The Court will consider Plaintiff's objections filed on 5/11/2026. Signed by Judge Tiffany R. Johnson on 5/12/2026. (sal) (Entered: 05/12/2026) |



| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/15/2026 09:48:40 | | | |
| **PACER Login:** | BusArchitect2022 | **Client Code:** | 8579235 |
| **Description:** | Docket Report | **Search Criteria:** | 1:25-cv-04311-TRJ-JKL |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

4months,SUBMDJ,SUBMMG,TRJLC3

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CIVIL DOCKET FOR CASE #: 1:25-cv-04311-TRJ-JKL

Abrams v. Department of Homeland Security et al
Assigned to: Judge Tiffany R. Johnson
Referred to: Magistrate Judge John K. Larkins, III
Cause: 42:2000e Job Discrimination (other)

Date Filed: 08/01/2025
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Rosalind Collette Abrams**

represented by **Rosalind Collette Abrams**
1267 Trident Maple Chase
Lawrenceville, GA 30045
478-334-9525
PRO SE

V.

**Defendant**

**Department of Homeland Security**

represented by **Jonathan Letzring**
United States Attorney -Atl
75 Ted Turner Drive Southwest
600 U.S. Courthouse
Atlanta, GA 30303
404-581-6000
Email: jonathan.letzring@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Federal Emergency Management Agency**

represented by **Jonathan Letzring**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/01/2025 | 1 | COMPLAINT filed by Rosalind C. Abrams. (Filing fee $405, receipt number 100020897) (Attachments: # 1 Exhibit Table of Authorities, # 2 Civil Cover Sheet) (fbj) Please visit our website at http://www.gand.uscourts.gov/commonly-used-forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 08/04/2025) |
| 08/01/2025 | 2 | MOTION for Protective Order - Preservation of Evidence by Rosalind C. Abrams. (fbj) (Entered: 08/04/2025) |
| 08/01/2025 | 3 | MOTION for Protective Order Regarding Retaliation and Attempts of Constructive Discharge, Unlawful Termination Attempts, Agency Misconduct by Rosalind C. Abrams. (fbj) (Entered: 08/04/2025) |
| 08/01/2025 | 4 | MOTION to Supplement the Record with Exhibits by Rosalind C. Abrams. (fbj) (Entered: 08/04/2025) |
| 08/04/2025 | | Submission of 2 MOTION for Protective Order, 3 MOTION for Protective Order, 4 MOTION to Supplement, to Magistrate Judge John K. Larkins. (fbj) (Entered: 08/04/2025) |
| 08/06/2025 | 5 | ORDER. The motion to Supplement the Record 4 is GRANTED, to the extent Plaintiff can bring clarity to the action she brings. As part of this supplementation, the Court ORDERS Plaintiff to file a repleaded complaint by August 27, 2025. Plaintiffs motions for protective orders 2 , 3 are premature, particularly given that repleading is required, these motions 2 , 3 are DENIED. Signed by Magistrate Judge John K. Larkins, III on 8/6/2025. (djs) (Entered: 08/06/2025) |
| 08/06/2025 | | Clerk's Certificate of Mailing as to Rosalind C. Abrams re 5 Order (djs) (Entered: 08/06/2025) |
| 08/27/2025 | 6 | AMENDED COMPLAINT against Department of Homeland Security, Federal Emergency Management Agency filed by Rosalind C. Abrams.(djs) Please visit our website at http://www.gand.uscourts.gov/commonly-used-forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 08/28/2025) |
| 08/27/2025 | 7 | MOTION for Sanctions and Preservation Orderby Rosalind C. Abrams. (djs) (Entered: 08/28/2025) |
| 08/27/2025 | 8 | MOTION to Clarify by Rosalind C. Abrams. (djs) (Entered: 08/28/2025) |
| 08/27/2025 | 9 | CERTIFICATE OF SERVICE re 6 Amended Complaint, by Rosalind C. Abrams.(djs) (Entered: 08/28/2025) |
| 08/27/2025 | 10 | Proposed Preservation Order. (djs) (Entered: 08/28/2025) |
| 08/27/2025 | 11 | MOTION for Protective Order and Injunctive Reliefby Rosalind C. Abrams. (djs) (Entered: 08/28/2025) |
| 08/27/2025 | 12 | MOTION to Compel Upload of Administrative EEOC Record into ECF/Pacerby Rosalind C. Abrams. (djs) (Entered: 08/28/2025) |
| 08/28/2025 | | Submission of 6 Amended Complaint,, to Magistrate Judge John K. Larkins III. (djs) (Entered: 08/28/2025) |
| 08/28/2025 | 13 | ORDER denying 7 Motion for Sanctions; denying 11 Motion for Protective Order; denying 12 Motion to Compel. Next, Plaintiffs motion to clarify 8 is not actually a motion, but rather some kind of supplement to her amended complaint. The filing does not request any action from the Court. Accordingly, there is nothing pending before the Court and the Clerk is DIRECTED |

| | | |
|---|---|---|
| | | to remove the indication that this filing is a motion. Signed by Magistrate Judge John K. Larkins, III on 8/28/2025. (djs) (Entered: 08/28/2025) |
| 08/28/2025 | | Clerk's Certificate of Mailing as to Rosalind C. Abrams re 13 Order. (djs) (Entered: 08/28/2025) |
| 09/02/2025 | 14 | MOTION for Judicial Notice of DHS Press Release by Rosalind C. Abrams. (djs) (Entered: 09/04/2025) |
| 09/12/2025 | 15 | MOTION to Request Marshal Service of Process by Rosalind C. Abrams. (djs) (Entered: 09/16/2025) |
| 09/12/2025 | 16 | NOTICE of Filing Biography by Rosalind C. Abrams (djs) (Entered: 09/16/2025) |
| 09/12/2025 | 17 | NOTICE of Filing Affidavits of Process Service by Rosalind C. Abrams (djs) (Entered: 09/16/2025) |
| 09/22/2025 | 18 | ORDER denying 15 Motion to Request Marshal Service of Process. Signed by Magistrate Judge John K. Larkins, III on 9/22/2025. (djs) (Entered: 09/23/2025) |
| 09/23/2025 | | Clerk's Certificate of Mailing as to Rosalind C. Abrams re 18 Order. (djs) (Entered: 09/23/2025) |
| 09/24/2025 | | Submission of 14 MOTION for Judicial Notice of DHS Press Release, to Magistrate Judge John K. Larkins III. (bmr) (Entered: 09/24/2025) |
| 09/24/2025 | 19 | MOTION for Judicial Review by Rosalind C. Abrams. (Attachments: # 1 Text of Proposed Order)(djs) (Entered: 09/25/2025) |
| 09/24/2025 | 20 | NOTICE of Filing of Agency Non Compliance with EEOC order by Rosalind C. Abrams (djs) (Entered: 09/25/2025) |
| 09/24/2025 | 21 | MOTION for Recusal of the Department of Justice and for Injunctive and Protective Relief by Rosalind C. Abrams. (djs) (Entered: 09/25/2025) |
| 09/24/2025 | 22 | Supplemental Notice of Filing and Service of Affidavits by Rosalind C. Abrams (djs) (Entered: 09/25/2025) |
| 09/26/2025 | 23 | NOTICE of Jury Demand and Filing of Supporting Exhibit VIII by Rosalind C. Abrams (djs) (Entered: 09/29/2025) |
| 09/29/2025 | 24 | RESPONSE re 13 Plaintiff's Objections to Denial of Protective Order filed by Rosalind C. Abrams. (djs) (Entered: 09/29/2025) |
| 10/01/2025 | 25 | ADMINISTRATIVE ORDER 25-01 Staying Civil Litigation in which the United States is a Party in Light of Lapse of Appropriations. Signed by Chief Judge Leigh Martin May on 10/1/2025. (bgt) (Entered: 10/06/2025) |
| 10/06/2025 | | Clerk's Certificate of Mailing as to Rosalind C. Abrams re 25 Order. (bgt) (Entered: 10/06/2025) |
| 10/09/2025 | 26 | NOTICE of Acknowledgment of Administrative Stay Order by Rosalind C. Abrams (djs) (Entered: 10/10/2025) |
| 10/09/2025 | 27 | NOTICE of Filing Index of Enclosures by Rosalind C. Abrams (djs) (Entered: 10/10/2025) |
| 10/09/2025 | 28 | MOTION to Correct the Docket by Rosalind C. Abrams. (Attachments: # 1 Text of Proposed Order)(djs) (Entered: 10/10/2025) |
| 10/09/2025 | 29 | MOTION for Judicial Verification of Service Compliance by Rosalind C. Abrams. (Attachments: # 1 Text of Proposed Order) (djs) (Entered: 10/10/2025) |
| 10/09/2025 | 30 | MOTION to Supplement the Record by Rosalind C. Abrams. (djs) (Entered: 10/10/2025) |

| | | |
|---|---|---|
| 11/13/2025 | 31 | ADMINISTRATIVE ORDER 25-03 Lifting Stay of Civil Litigation in Which the United States is a Party in Light of Restoration of Appropriations. The stay imposed by Administrative Order 25-01 is hereby LIFTED effective November 13, 2025. All deadlines in place as of October 1, 2025, in cases stayed by Administrative Order 25-01 are hereby EXTENDED by 46 days. Signed by Chief Judge Leigh Martin May on 11/13/2025. (bgt) (Entered: 11/13/2025) |
| 11/13/2025 | | Clerk's Certificate of Mailing as to all non-electronically registered counsel re Administrative Order 25-03. (bgt) (Entered: 11/13/2025) |
| 12/16/2025 | | Submission of 28 MOTION to Correct the Docket, 21 MOTION for Recusal, 19 MOTION for Judicial Review, 30 MOTION to Supplement, 29 MOTION, to Magistrate Judge John K. Larkins III. (bmr) (Entered: 12/16/2025) |
| 12/16/2025 | 32 | Unopposed MOTION for Extension of Time to File Answer re 6 Amended Complaint, with Brief In Support by Department of Homeland Security, Federal Emergency Management Agency. (Attachments: # 1 Brief, # 2 Text of Proposed Order)(Sandoval, Andres) (Entered: 12/16/2025) |
| 12/16/2025 | 33 | Unopposed MOTION for Extension of Time to File Answer re 6 Amended Complaint, with Brief In Support by Department of Homeland Security, Federal Emergency Management Agency. (Attachments: # 1 Brief, # 2 Text of Proposed Order)(Letzring, Jonathan) (Entered: 12/16/2025) |
| 12/16/2025 | 34 | NOTICE by Department of Homeland Security, Federal Emergency Management Agency re 32 Unopposed MOTION for Extension of Time to File Answer re 6 Amended Complaint, *to Withdraw Docket Entry 32* (Letzring, Jonathan) (Entered: 12/16/2025) |
| 12/16/2025 | 35 | ORDER: Defendants motion for an extension of time 32 is GRANTED. Defendant shall have until February 4, 2026, to answer or otherwise respond to Plaintiffs amended complaint. Defendant appears to have accidentally filed a duplicate motion for extension of time 33 that is an exact replica of its initial motion. That motion is DENIED as moot. Signed by Magistrate Judge John K. Larkins, III on 12/16/2025. (djs) (Entered: 12/16/2025) |
| 12/16/2025 | | Clerk's Certificate of Mailing as to Rosalind C. Abrams re 35 Order (djs) (Entered: 12/16/2025) |
| 01/09/2026 | 36 | MOTION for Leave to File a Limited Amended Complaintby Rosalind C. Abrams. (Attachments: # 1 Proposed Amended Complaint)(mrg) (Entered: 01/12/2026) |
| 01/14/2026 | 37 | ORDER granting 36 Motion to Amend. The Clerk is DIRECTED to docket the amended complaint [Doc. 36-1] as the operative complaint in this case. Signed by Magistrate Judge John K. Larkins, III on 1/14/2026. (djs) (Entered: 01/14/2026) |
| 01/14/2026 | 38 | AMENDED COMPLAINT against Department of Homeland Security, Federal Emergency Management Agency filed by Rosalind Collette Abrams.(djs) Please visit our website at http://www.gand.uscourts.gov/commonly-used-forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 01/14/2026) |
| 01/14/2026 | | Clerk's Certificate of Mailing as to Rosalind Collette Abrams re 37 Order on Motion to Amend. (djs) (Entered: 01/14/2026) |
| 01/15/2026 | 39 | MOTION for Leave to File Second Amended Complaint by Rosalind Collette Abrams. (Attachments: # 1 Proposed amended complaint)(djs) (Entered: 01/16/2026) |

| | | |
|---|---|---|
| 01/21/2026 | 40 | ORDER: Plaintiffs motion for leave to file a second amended complaint 39 is DENIED. If Plaintiff wants to amend her complaint a second time, she should file a motion for leave to do so, attaching a proposed second amended complaint that does not incorporate by reference but rather includes and/or attaches any pertinent claims and exhibits. Signed by Magistrate Judge John K. Larkins, III on 1/21/2026. (djs) (Entered: 01/21/2026) |
| 01/21/2026 | | Clerk's Certificate of Mailing as to Rosalind Collette Abrams re 40 Order on Motion to Amend. (djs) (Entered: 01/21/2026) |
| 01/23/2026 | 41 | MOTION for Leave to File to file Amended Complaintby Rosalind Collette Abrams. (Attachments: # 1 Proposed amended complaint)(djs) (Entered: 01/27/2026) |
| 01/27/2026 | | Submission of 41 MOTION for Leave to File to file Amended Complaint, to Magistrate Judge John K. Larkins III. (djs) (Entered: 01/27/2026) |
| 01/27/2026 | 42 | ORDER: The Court finds good cause for the proposed amendment and GRANTS Plaintiffs motion for leave to amend 41 . The Clerk is DIRECTED to docket the amended complaint [Doc. 41-1] as the operative complaint in this case. Defendants answer or other response is thus due on February 10, 2026, and it should address the claims and factual allegations asserted in the amended complaint, which supplants and supersedes the original complaint. Signed by Magistrate Judge John K. Larkins, III on 1/27/2026. (djs) (Entered: 01/27/2026) |
| 01/27/2026 | | Clerk's Certificate of Mailing as to Rosalind Collette Abrams re 42 Order.(djs) (Entered: 01/27/2026) |
| 01/27/2026 | 43 | SECOND AMENDED COMPLAINT against Department of Homeland Security, Federal Emergency Management Agency with Jury Demand filed by Rosalind Collette Abrams.(djs) Please visit our website at http://www.gand.uscourts.gov/commonly-used-forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 01/27/2026) |
| 02/10/2026 | 44 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and Lack of Subject Matter Jurisdiction as to Whistleblower Protection Act Retaliation Claim* with Brief In Support by Department of Homeland Security, Federal Emergency Management Agency. (Attachments: # 1 Brief In Support of Motion to Dismiss, # 2 Exhibit A (Administrative Judge MSPB Decision)) (Letzring, Jonathan) (Entered: 02/10/2026) |
| 02/26/2026 | 45 | CERTIFICATE of Compliance by Rosalind Collette Abrams (djs) (Entered: 03/03/2026) |
| 02/26/2026 | 46 | RESPONSE in Opposition re 44 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and Lack of Subject Matter Jurisdiction as to Whistleblower Protection Act Retaliation Claim* filed by Rosalind Collette Abrams. (djs) (Entered: 03/03/2026) |
| 03/12/2026 | 47 | Notice for Leave of Absence for the following date(s): April 3, 2026 to April 10, 2026, by Jonathan Letzring. (Letzring, Jonathan) (Entered: 03/12/2026) |
| 03/13/2026 | 48 | CERTIFICATE of Compliance by Rosalind Collette Abrams (djs) (Entered: 03/16/2026) |
| 03/13/2026 | 49 | MOTION to Supplement the Record with Declaration and System Owner (Information Technology Governance) Official Appointment Letter by Rosalind Collette Abrams. (djs) (Entered: 03/16/2026) |

| | | |
|---|---|---|
| 03/13/2026 | 50 | EMERGENCY MOTION for Preliminary Injunction by Rosalind Collette Abrams. (djs) (Entered: 03/16/2026) |
| 03/13/2026 | 51 | MOTION For Judicial Notice of Related Federal Court Filings Regarding Defendants' Admissions by Rosalind Collette Abrams. (djs) (Entered: 03/16/2026) |
| 03/13/2026 | 52 | MOTION To Supplement the Record and Request for Judicial Notice by Rosalind Collette Abrams. (djs) (Entered: 03/16/2026) |
| 03/18/2026 | | Submission of 44 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and Lack of Subject Matter Jurisdiction as to Whistleblower Protection Act Retaliation Claim*, to Magistrate Judge John K. Larkins III. (bmr) (Entered: 03/18/2026) |
| 03/18/2026 | 53 | MOTION for Expedited Status Conference and Preservation Order by Rosalind Collette Abrams. (djs) (Entered: 03/20/2026) |
| 03/18/2026 | 54 | NOTICE of Filing of Supplement to Exhibits in support of Emergency Motion by Rosalind Collette Abrams (djs) (Entered: 03/20/2026) |
| 03/24/2026 | 55 | NOTICE of Filing Plaintiff's Notice And Request For Judicial Notice Of Related Mandamus Proceeding by Rosalind Collette Abrams (djs) (Entered: 03/26/2026) |
| 03/31/2026 | 56 | ORDER: Defendants are ORDERED to respond to the motions within fourteen (14) days of the date of this order, by April 14, 2026. Plaintiff may, but is not required to, file a reply in support of her motions. Any reply must be submitted to the Court by April 28, 2026. Signed by Magistrate Judge John K. Larkins, III on 3/31/2026. (djs) (Entered: 04/01/2026) |
| 04/01/2026 | | Clerk's Certificate of Mailing as to Rosalind Collette Abrams re 56 Order (djs) (Entered: 04/01/2026) |
| 04/02/2026 | 57 | NON-FINAL REPORT AND RECOMMENDATION re 44 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM it is RECOMMENDED that Defendants motion to dismiss 44 be GRANTED but that Plaintiff be directed to file a more definite statement under Rule 12(e) that addresses the issues identified in this report and recommendation. Finally, Plaintiff is cautioned that, even though she is proceeding pro se, she is required to comply with this Courts Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Among other things, she must ensure that her filings comply with the font and formatting requirements of Local Rule 5.1. The Court may disregard documents that do not comply with the Local Rules. She is also reminded that [e]very pleading, written motion, and other paper must be signed... by a party personally if the party is unrepresented. Fed. R. Civ. 11(a). And because it appears that Plaintiff is using generative artificial intelligence (AI) [see, e.g., Doc. 53 at 14 (indicating Google Law Used)], she is warned that AI platforms are not attorneys and that they are notorious for generating false and misleading information. The parties alone are responsible for the accuracy and reliability of ALL papers filed with the Court, including any quotations, citations, paraphrased assertions, and legal analysis. Papers prepared with the assistance of AI tools must be carefully reviewed and verified before submission to the Court. The submission of inaccurate or non-existent authorities may result in sanctions, including dismissal of this action and the award of attorney fees. Signed by Magistrate Judge John K. Larkins, III on 4/2/2026. (djs) (Entered: 04/02/2026) |
| 04/02/2026 | 58 | ORDER for Service of 57 Report and Recommendation by Magistrate Judge John K. Larkins, III. Each party may file written objections to the Report & Recommendation within 14 days of service. If no objections are filed, the Report & Recommendation may be adopted as the opinion and order of the District Court. Signed by Magistrate Judge John K. Larkins, III on 4/2/2026. (djs) (Entered: 04/02/2026) |

| | | |
|---|---|---|
| 04/02/2026 | | Clerk's Certificate of Mailing as to Rosalind Collette Abrams re 57 REPORT AND RECOMMENDATION, 58 Order for Service of Report and Recommendation. (djs) (Entered: 04/02/2026) |
| 04/14/2026 | 59 | RESPONSE in Opposition re 30 MOTION to Supplement, 51 MOTION, 50 MOTION for Preliminary Injunction, 29 MOTION, 19 MOTION for Judicial Review, 28 MOTION to Correct the Docket, 49 MOTION, 21 MOTION for Recusal, 14 MOTION for Judicial Notice of DHS Press Release, 52 MOTION To Supplement the Record and Request for Judicial Notice, 53 MOTION filed by Department of Homeland Security, Federal Emergency Management Agency. (Letzring, Jonathan) (Entered: 04/14/2026) |
| 04/16/2026 | 60 | OBJECTIONS to 57 Report and Recommendation filed by Rosalind Collette Abrams. (djs) (Entered: 04/17/2026) |
| 04/20/2026 | 61 | MOTION for Recusal of Magistrate Judge Larkins and District Judge Johnson by Rosalind Collette Abrams. (djs) (Entered: 04/21/2026) |
| 04/20/2026 | 62 | CORRECTED OBJECTIONS to 57 Report and Recommendation filed by Rosalind Collette Abrams. (Attachments: # 1 Corrected objections)(djs) (Entered: 04/21/2026) |
| 04/21/2026 | 63 | ORDER: The motion to recuse 61 is DENIED. Plaintiff is WARNED that any further filings that fail to comply with Local Rule 5.1 will be stricken. Signed by Magistrate Judge John K. Larkins, III on 4/21/2026. (djs) (Entered: 04/21/2026) |
| 04/21/2026 | | Clerk's Certificate of Mailing as to Rosalind Collette Abrams re 63 Order. (djs) (Entered: 04/21/2026) |
| 04/23/2026 | 64 | RESPONSE re 60 Objections to Report and Recommendation, 62 Objections to Report and Recommendation *Response in opposition to Plaintiff's objections to R&R* filed by Department of Homeland Security, Federal Emergency Management Agency. (Letzring, Jonathan) (Entered: 04/23/2026) |
| 04/24/2026 | 65 | RESPONSE re 64 Response (Non-Motion), filed by Rosalind Collette Abrams. (djs) (Entered: 04/27/2026) |
| 04/24/2026 | 66 | CERTIFICATE OF SERVICE re 65 Response (Non-Motion) by Rosalind Collette Abrams.(djs) (Entered: 04/27/2026) |
| 04/24/2026 | 67 | Plaintiff's Omnibus Reply in Support of Pending Motions and Rebuttal to Defendants' Consolidated Response re 59 Response in Opposition to Motion, filed by Rosalind Collette Abrams. (djs) (Entered: 04/27/2026) |
| 04/24/2026 | 68 | CERTIFICATE OF SERVICE re 67 Response (Non-Motion) by Rosalind Collette Abrams.(djs) (Entered: 04/27/2026) |
| 04/24/2026 | 69 | NOTICE of Filing Regarding the Use of AI by Rosalind Collette Abrams (djs) (Entered: 04/27/2026) |
| 04/27/2026 | 70 | NON-FINAL REPORT AND RECOMMENDATION re 50 MOTION for Preliminary Injunction filed by Rosalind Collette Abrams, it is RECOMMENDED that Plaintiff's motion for a preliminary injunction 50 be DENIED. Signed by Magistrate Judge John K. Larkins, III on 4/27/2026. (djs) (Entered: 04/28/2026) |
| 04/27/2026 | | ORDER: (Ruling found in R&R 70 ) In sum, none of Plaintiff's motions have merit. It is ORDERED that Plaintiff's remaining motions 14 , 19 , 21 , 28 , 29 , 30 , 49 , 51 , 52 , and 53 be DENIED. Signed by Magistrate Judge John K. Larkins, III on 4/27/2026. (djs) (Entered: 04/28/2026) |

| | | |
|---|---|---|
| 04/27/2026 | 71 | ORDER for Service of 70 Report and Recommendation, by Magistrate Judge John K. Larkins, III. Each party may file written objections to the Report & Recommendation within 14 days of service. If no objections are filed, the Report & Recommendation may be adopted as the opinion and order of the District Court. Signed by Magistrate Judge John K. Larkins, III on 4/27/2026. (djs) (Entered: 04/28/2026) |
| 04/28/2026 | | Clerk's Certificate of Mailing as to Rosalind Collette Abrams re 70 REPORT AND RECOMMENDATION 71 Order for Service of Report and Recommendation. (djs) (Entered: 04/28/2026) |
| 05/01/2026 | | Submission of 56 Order, Set Submission Deadline, 57 REPORT AND RECOMMENDATION re: 44 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and Lack of Subject Matter Jurisdiction as to Whistleblower Protection Act Retaliation Claim* filed by Federal Emergency Management Agency, Department of Home, to District Judge Tiffany R. Johnson. (bmr) (Entered: 05/01/2026) |
| 05/11/2026 | 72 | OBJECTIONS to 70 Report and Recommendation filed by Rosalind Collette Abrams. (mrg) (Entered: 05/12/2026) |
| 05/11/2026 | 73 | MOTION for Leave to File Objections Out of Time nunc pro tuncby Rosalind Collette Abrams. (mrg) (Entered: 05/12/2026) |
| 05/12/2026 | | ORDER by docket entry only GRANTING 73 Plaintiff's Motion for Leave to File to File Objections Out of Time Nun Pro Tunc. The Court will consider Plaintiff's objections filed on 5/11/2026. Signed by Judge Tiffany R. Johnson on 5/12/2026. (sal) (Entered: 05/12/2026) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/15/2026 09:48:40 | | | |
| **PACER Login:** | BusArchitect2022 | **Client Code:** | 8579235 |
| **Description:** | Docket Report | **Search Criteria:** | 1:25-cv-04311-TRJ-JKL |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

U.S. Department of Homeland Security
Washington, DC 20472

FEMA

May 5, 2025

MEMORANDUM FOR: Rosalind Abrams
Management & Program Analyst
Resilience

FROM: Amanda Smith AMANDA M SMITH Digitally signed by AMANDA M SMITH Date: 2025.05.05 13:03:36 -04'00'
Director, Individual & Community Preparedness Division
Resilience

SUBJECT: Official Reprimand

This is an Official Reprimand for Failure to Follow Instructions

On February 7, 2025, you were given instructions to update your email signature in order to be in compliance with agency guidelines. On February 10, 2025, you were reminded via email at 8:20 am and 5:02 pm, of the February 10, 2025, deadline to comply with the agency guidelines. On February 13, 2025, PBC Branch Chief Andrew Burrows, once again instructed you, via email, to comply with the agency signature guidelines and provided examples of the correct formatting. On March 6, 2025, April 11, 2025, and April 22, 2025, it was noted that you continued to modify your signature, in direct defiance of the instructions given by Andrew Burrows and the multiple emails providing policy guidance.

In FEMA, as in other Federal departments and agencies, certain rules and regulations have been established to guide employees in their conduct. Each employee is expected to become familiar with those rules and regulations and to fully comply with them as a continuing condition of employment.

FEMA Manual 255-3-1, Employee Discipline Manual, dated December 29, 2015, Section 1-7, part G5 specifically states that "Employees are responsible for responding promptly to directions and instructions received from the supervisor"

Your behavior on the dates outlined above will not be tolerated nor condoned. In deciding to issue you an Official Reprimand, I considered your length of employment with the agency. I also considered your pattern of repeated failure to follow instructions given by a Supervisor. This Official Reprimand is issued to correct your unacceptable behavior and to deter you from engaging in future acts of misconduct. You are hereby notified that any future acts of misconduct may result in more severe disciplinary action being taken against you, up to and including your removal from the Federal service.

A copy of this reprimand will be placed in your Official Personnel Folder (OPF) and will remain there for a period not to exceed three (3) years; however, it can be removed by me sooner. After it is removed from your OPF, it may still be used as evidence that you were on notice about the conduct in question.

You have the right to grieve this action through the negotiated grievance procedures as provided in Article 35 of the Collective Bargaining Agreement between the Federal Emergency Management Agency Headquarters and The American Federation of Government Employees, Local 4060, dated December 5, 2016, updated October 24, 2017.

If you wish to allege this action was the result of prohibited discrimination based on race, color, religion, sex, national origin, handicap, age, genetic information, or reprisal, you may file a discrimination complaint with the FEMA Office of Civil Rights. To file a complaint with the FEMA Office of Civil Rights, you must contact a counselor within 45 days of the effective date of this action. Your complaint should be sent in writing to: Office of Civil Rights, 500 C Street, 4th Floor, Washington, DC, 20472-3505 or by email to FEMA-OCR-EEO@fema.dhs.gov. You can reach a member of the Civil Rights staff at 202-212-3535.

The Employee Assistance Program (EAP), which is free and confidential, is available to counsel all employees who may have issues affecting their job performance and/or conduct. EAP may be able to assist you with any job-related or personal problems you may be experiencing. This is a voluntary program and no information can be released to me or anyone else in FEMA without your permission. If you believe that EAP could be of assistance, you may contact EAP at 1-800-222-0364 or www.FOH4you.com.

If you have any questions concerning your rights related to this action, you may contact Charity Fleming, Labor and Employee Relations Specialist (LER), at 202-445-9558 or charity.fleming@fema.dhs.gov.

**Acknowledgement of Receipt:**

*Please sign the acknowledgement of receipt below. Your signature does not indicate agreement with this decision, and by signing, you do not forfeit any of your rights cited above. Your signature only represents your receipt of this decision on the date signed.*

______________________________ ____________________
Rosalind Abrams DATE

**CERTIFICATE OF SERVICE**

I certify that on this date, May ___, 2026, I served a true and correct copy of the foregoing Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Relief upon all parties through U.S. Mail where applicable.

______________________________

Rosalind Collette Abrams

Plaintiff Pro Se

**CERTIFICATE OF COMPLIANCE**

Plaintiff certifies that this filing substantially complies with the applicable formatting requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court, including double-spacing requirements where applicable.

Plaintiff further certifies that generative artificial intelligence tools may have been used for limited drafting, formatting, organizational, and editing assistance. Plaintiff reviewed, revised, and takes responsibility for the final content of this filing.

Rosalind Collette Abrams

**From:** Abrams, Rosalind
**To:** Hudgins, Tiffany; Doolin, Joel
**Cc:** Hoffman, Erin; Fontenot, Kristin; Turi, Keith; Chief-Human-Capital-Officer
**Subject:** Formal Objection and Summary of May 14, 2026 Meeting
**Date:** Friday, May 15, 2026 1:37:00 PM
**Attachments:** Formal Objection and Summary of May 14 Meeting.pdf
RE (DPS Response 09.22.2025 @ 4 15pm) CERT Data Records for NDEMU Email.pdf
(DPS 05.14.2026 Forward) FW Work Schedule Form.pdf
RE Work Schedule Form Email from Kimberly Allen 05.14.2026.pdf
**Importance:** High

---

May 14, 2026

Tiffany,

I hopped on to address my timecard and wanted to provide this summary.

Attached is my Declarative Summary regarding the May 14, 2026 meeting. The document serves as a contemporaneous objection and correction of the record regarding the performance, accommodation, supervisory, and work-product discussions raised during the meeting.

The attachment addresses:

• the April 30 / May 7 / May 14 FMLA and RA chronology;
• the disputed and evolving 2025 appraisal structure;
• supervisory and reviewing authority inconsistencies;
• the Kimberly Allen distribution issue;
• and the distinction between governance work products, stewardship findings, project-management deliverables, and technical execution responsibilities within a decommissioned environment.

The attachment also documents my objection to the continued operational use of disputed performance narratives in connection with accommodation-related activity and adverse personnel discussions.

This correspondence and attachment are submitted in good faith to preserve the administrative record and correct perceived inaccuracies and omissions regarding the matters discussed.

Rosalind C. Abrams
Digital Preparedness Specialist | Individual & Community Preparedness Division | National Integration Center | National Preparedness Division
**Email**: rosalind.abrams@fema.dhs.gov
**Business Cell:** 202.664.3877
**fema.gov**

*This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally sensitive information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JENNIFER YEH,

Plaintiff,

v.

ALEJANDRO MAYORKAS, et al.,

Defendants.

Case No. 4:24-cv-00797-KAW

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**

Re: Dkt. No. 86

On June 18, 2025, Plaintiff Jennifer Yeh filed a motion for sanctions against Defendants Adrian Sevier, Joel Doolin, Cynthia Mazur, Robert Scott, Erika Jordan, and Vikram Kapoor for violating the Court's March 26, 2025 order for reimbursement of fees. (Pl's Mot., Dkt. No. 86 at 3.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES Plaintiff's motion for sanctions.

## I. BACKGROUND

On March 26, 2025, the Court denied Plaintiff's motion for $493,911.04 in attorney's fees, but it awarded Plaintiff a total of $1,147.75 in reasonable costs of service from the individual defendants, in varying amounts. (3/26/25 Order, Dkt. No. 83 at 7-8.) The Court ordered that payment be remitted within 21 days, which was April 16, 2025. *See id.* at 8.

On April 9, 2025, defense counsel Molly Friend asked Plaintiff to provide her preferred method of receiving payment. (Decl. of Molly Friend, "Friend Decl.," Dkt. No. 88-1 ¶ 2.) Plaintiff responded on April 11, 2025, indicating her preferred method was wire transfer or direct deposit. (Friend Decl. ¶ 3.) On that same date, Ms. Friend requested that Plaintiff provide her

United States District Court
Northern District of California

AUTHENTICATED U.S. GOVERNMENT INFORMATION GPO

banking information, so that they could make the transfer. *Id.* On April 15, 2025, the day before the payment deadline, Ms. Friend asked Plaintiff to stipulate to a two-week extension, but Plaintiff refused. (Friend Decl. ¶ 4; Decl. of Jennifer Yeh, "Yeh Decl." Dkt. No. 86-1 ¶ 13.) Instead, Plaintiff provided a physical address and insisted that payment be by check or money order. (Yeh Decl. ¶ 15.) Individual Defendants obtained money orders with one day's notice and mailed them to Plaintiff. (Friend Decl. ¶ 5.)

All Defendants, except for Joel Doolin and Vikram Kapoor, remitted payment by certified mail on April 16, 2025. (Friend Decl. ¶ 5; Yeh Decl. ¶¶ 16-17.) Defendants Doolin and Kapoor submitted payment one day later, on April 17, 2025. *Ids.* None of the payments were received by Plaintiff's post office before the April 16, 2025 deadline, but they were all received per tracking number by April 22, 2025. (Yeh Decl. ¶ 18.)

On May 1, 2025, Plaintiff contacted defense counsel and claimed that her bank would not accept the money orders from Messrs. Doolin and Kapoor because they were missing the Defendants' respective addresses. (Yeh Decl. ¶ 22.) Plaintiff offered to return the orders but requested reimbursement for postage and compensation for her time. (Friend Decl. ¶ 7; Yeh Decl. ¶¶ 25-26.)

On May 1, 2025, Vikram Kapoor sent a new money order to Plaintiff via certified mail, which arrived on May 3, 2025. (Friend Decl. ¶ 8; Yeh Decl. ¶ 20.) On May 6, 2025, Ms. Friend offered to have any disputed money orders sent directly to them and to reimburse Plaintiff for postage. (Friend Decl. ¶ 9.) As of the date of filing, Plaintiff had not responded to that communication or returned the disputed money orders. *Id.* Plaintiff has asked that defense counsel guarantee that the checks or money orders sent by the other individual defendants would not bounce. (Friend Decl. ¶ 10.)

On June 18, 2025, Plaintiff filed the instant motion for sanctions. (Pl.'s Mot., Dkt. No. 86.) On July 2, 2025, Defendants filed an opposition. (Defs.' Opp'n, Dkt. No. 88.) On July 9, 2025, Plaintiff filed a reply. (Pl.'s Reply, Dkt. No. 89.)

## II. DISCUSSION

Now, Plaintiff moves for sanctions because she did not receive payment from all



United States District Court
Northern District of California

Individual Defendants by the April 16, 2025 deadline. (Pl.'s Mot. at 1.) Plaintiff had checks and/or money orders from all Individual Defendants in hand less than one week later. (*See* Yeh Decl. ¶ 19.) Thus, this motion is a waste of judicial resources, particularly given that the defendants attempted to comply, and their tardiness amounts to a technical violation of the court order. Indeed, had Defendants filed an administrative motion for an extension of time to remit payment, that request would have been granted. Thus, the Court agrees with Defendants that the delay in payment does not warrant sanctions or a finding of contempt. (*See* Defs.' Opp'n at 6.)

Moreover, Plaintiff's argument in reply that Defendant should have taken the "reasonable steps" to comply by using a courier or IOLTA/CTA account to ensure timely payment is not well taken. (*See* Pl.'s Reply at 3-4.) The Government is not required to set up a trust account nor should it be expected to hire a courier to deliver payment from individual defendants living in other parts of the country. The fact that Plaintiff has received the payments, albeit it a little late, does not rise to sanctionable conduct, and the Court declines to expend any further resources on this specious motion.[1] The court also notes that Plaintiff originally indicated that her preferred method was wire transfer or direct deposit. Had she provided Defendants the necessary banking information for a wire transfer, the funds would have likely been received faster and without incident.

Finally, given the passage of time since the filing of the motion, the Court trusts that the parties have worked out this payment snafu amongst themselves. If they have not, Plaintiff should return the remaining $85 defective money order so it can be reissued by Mr. Doolin and the Government shall reimburse the postage.[2] Furthermore, the fact that the money orders may not have been deposited by Plaintiff does not change the fact that payment was remitted, and the Court will not require the Government to provide assurances that the other checks and money orders will not bounce. (*See* Pl.'s Reply at 8.) If Plaintiff incurs any bank charges due to the "bouncing" of

---

[1] The Court does not appreciate that Plaintiff filed this motion despite having received the payments prior to filing.

[2] As explained previously, Plaintiff is not entitled to compensation for her time, because she is pro se. Moreover, the tasks described are administrative in nature and would likely not be compensable even if she were represented by counsel.

any of these payments, the Court is confident that the parties will meet and confer in good faith and arrange for reimbursement in the amount of any such charges.

Accordingly, Plaintiff's motion for sanctions is denied.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for sanctions is DENIED.

IT IS SO ORDERED.

Dated: November 12, 2025

KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JENNIFER YEH,
Plaintiff,
v.
ALEJANDRO MAYORKAS, et al.,
Defendants.

Case No. 4:24-cv-00797-KAW

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**

Re: Dkt. No. 86

United States District Court
Northern District of California

On June 18, 2025, Plaintiff Jennifer Yeh filed a motion for sanctions against Defendants Adrian Sevier, Joel Doolin, Cynthia Mazur, Robert Scott, Erika Jordan, and Vikram Kapoor for violating the Court's March 26, 2025 order for reimbursement of fees. (Pl's Mot., Dkt. No. 86 at 3.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES Plaintiff's motion for sanctions.

## I. BACKGROUND

On March 26, 2025, the Court denied Plaintiff's motion for $493,911.04 in attorney's fees, but it awarded Plaintiff a total of $1,147.75 in reasonable costs of service from the individual defendants, in varying amounts. (3/26/25 Order, Dkt. No. 83 at 7-8.) The Court ordered that payment be remitted within 21 days, which was April 16, 2025. *See id.* at 8.

On April 9, 2025, defense counsel Molly Friend asked Plaintiff to provide her preferred method of receiving payment. (Decl. of Molly Friend, "Friend Decl.," Dkt. No. 88-1 ¶ 2.) Plaintiff responded on April 11, 2025, indicating her preferred method was wire transfer or direct deposit. (Friend Decl. ¶ 3.) On that same date, Ms. Friend requested that Plaintiff provide her

AUTHENTICATED U.S. GOVERNMENT INFORMATION GPO

United States District Court
Northern District of California

banking information, so that they could make the transfer. *Id.* On April 15, 2025, the day before the payment deadline, Ms. Friend asked Plaintiff to stipulate to a two-week extension, but Plaintiff refused. (Friend Decl. ¶ 4; Decl. of Jennifer Yeh, "Yeh Decl." Dkt. No. 86-1 ¶ 13.) Instead, Plaintiff provided a physical address and insisted that payment be by check or money order. (Yeh Decl. ¶ 15.) Individual Defendants obtained money orders with one day's notice and mailed them to Plaintiff. (Friend Decl. ¶ 5.)

All Defendants, except for Joel Doolin and Vikram Kapoor, remitted payment by certified mail on April 16, 2025. (Friend Decl. ¶ 5; Yeh Decl. ¶¶ 16-17.) Defendants Doolin and Kapoor submitted payment one day later, on April 17, 2025. *Ids.* None of the payments were received by Plaintiff's post office before the April 16, 2025 deadline, but they were all received per tracking number by April 22, 2025. (Yeh Decl. ¶ 18.)

On May 1, 2025, Plaintiff contacted defense counsel and claimed that her bank would not accept the money orders from Messrs. Doolin and Kapoor because they were missing the Defendants' respective addresses. (Yeh Decl. ¶ 22.) Plaintiff offered to return the orders but requested reimbursement for postage and compensation for her time. (Friend Decl. ¶ 7; Yeh Decl. ¶¶ 25-26.)

On May 1, 2025, Vikram Kapoor sent a new money order to Plaintiff via certified mail, which arrived on May 3, 2025. (Friend Decl. ¶ 8; Yeh Decl. ¶ 20.) On May 6, 2025, Ms. Friend offered to have any disputed money orders sent directly to them and to reimburse Plaintiff for postage. (Friend Decl. ¶ 9.) As of the date of filing, Plaintiff had not responded to that communication or returned the disputed money orders. *Id.* Plaintiff has asked that defense counsel guarantee that the checks or money orders sent by the other individual defendants would not bounce. (Friend Decl. ¶ 10.)

On June 18, 2025, Plaintiff filed the instant motion for sanctions. (Pl.'s Mot., Dkt. No. 86.) On July 2, 2025, Defendants filed an opposition. (Defs.' Opp'n, Dkt. No. 88.) On July 9, 2025, Plaintiff filed a reply. (Pl.'s Reply, Dkt. No. 89.)

## II. DISCUSSION

Now, Plaintiff moves for sanctions because she did not receive payment from all

Individual Defendants by the April 16, 2025 deadline. (Pl.'s Mot. at 1.) Plaintiff had checks and/or money orders from all Individual Defendants in hand less than one week later. (*See* Yeh Decl. ¶ 19.) Thus, this motion is a waste of judicial resources, particularly given that the defendants attempted to comply, and their tardiness amounts to a technical violation of the court order. Indeed, had Defendants filed an administrative motion for an extension of time to remit payment, that request would have been granted. Thus, the Court agrees with Defendants that the delay in payment does not warrant sanctions or a finding of contempt. (*See* Defs.' Opp'n at 6.)

Moreover, Plaintiff's argument in reply that Defendant should have taken the "reasonable steps" to comply by using a courier or IOLTA/CTA account to ensure timely payment is not well taken. (*See* Pl.'s Reply at 3-4.) The Government is not required to set up a trust account nor should it be expected to hire a courier to deliver payment from individual defendants living in other parts of the country. The fact that Plaintiff has received the payments, albeit it a little late, does not rise to sanctionable conduct, and the Court declines to expend any further resources on this specious motion.[1] The court also notes that Plaintiff originally indicated that her preferred method was wire transfer or direct deposit. Had she provided Defendants the necessary banking information for a wire transfer, the funds would have likely been received faster and without incident.

Finally, given the passage of time since the filing of the motion, the Court trusts that the parties have worked out this payment snafu amongst themselves. If they have not, Plaintiff should return the remaining $85 defective money order so it can be reissued by Mr. Doolin and the Government shall reimburse the postage.[2] Furthermore, the fact that the money orders may not have been deposited by Plaintiff does not change the fact that payment was remitted, and the Court will not require the Government to provide assurances that the other checks and money orders will not bounce. (*See* Pl.'s Reply at 8.) If Plaintiff incurs any bank charges due to the "bouncing" of

[1] The Court does not appreciate that Plaintiff filed this motion despite having received the payments prior to filing.
[2] As explained previously, Plaintiff is not entitled to compensation for her time, because she is pro se. Moreover, the tasks described are administrative in nature and would likely not be compensable even if she were represented by counsel.

United States District Court
Northern District of California

any of these payments, the Court is confident that the parties will meet and confer in good faith and arrange for reimbursement in the amount of any such charges.

Accordingly, Plaintiff's motion for sanctions is denied.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for sanctions is DENIED.

IT IS SO ORDERED.

Dated: November 12, 2025

Kandis Westmore

KANDIS A. WESTMORE
United States Magistrate Judge