**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA | ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
OCT 29 2026
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

**ROSALIND COLLETTE ABRAMS,**
Plaintiff,

v.

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,**
Defendants.

**CIVIL ACTION NO. 1:25-cv-04311-TRJ-JKL**

---

**PLAINTIFF'S MOTION FOR LEAVE TO FILE OBJECTIONS OUT OF TIME, NUNC PRO TUNC, PURSUANT TO FED. R. CIV. P. 6(b)(1)(B), WITH PROPOSED OBJECTIONS ATTACHED**

---

Plaintiff Rosalind C. Abrams, proceeding pro se, respectfully moves pursuant to **Federal Rule of Civil Procedure 6(b)(1)(B)** for leave to file objections out of time, nunc pro tunc, to the September 23, 2026 Report and Recommendation (Doc. 87), with the proposed objections attached as **Exhibit A.**

Plaintiff did not file objections within the fourteen-day period prescribed in the accompanying Order (Doc. 88) because Plaintiff understood the District Judge's September 24, 2026 Order (Doc. 89), directing the filing of a superseding Third

Amended Complaint, to have displaced the earlier pleading framework and related preliminary-injunction proceedings.

During the fourteen-day objection period and the days immediately following, Plaintiff was also undergoing medical procedures and managing related medical obligations, while independently managing three concurrent federal judicial proceedings without counsel.

On October 27, 2026, Docs. 80 and 87 were submitted to the District Judge for consideration, confirming that the recommendations remained pending. Plaintiff respectfully requests that the Court grant leave under Federal Rule of Civil Procedure 6(b)(1)(B), considering Plaintiff's good-faith procedural misunderstanding, intervening judicial order, contemporaneous medical procedures, and concurrent management of three federal judicial proceedings without counsel.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant leave, accept the attached objections to Doc. 87 out of time, and consider them before ruling on the Report and Recommendation.

Respectfully submitted,

Rosalind C. Abrams

Plaintiff, Pro Se

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

**ROSALIND COLLETTE ABRAMS,** Plaintiff,

v.

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,** Defendants.

**CIVIL ACTION NO. 1:25-cv-04311-TRJ-JKL**

---

**EXHIBIT A — PLAINTIFF'S PROPOSED OBJECTIONS TO THE SEPTEMBER 23, 2026 REPORT AND RECOMMENDATION (DOC. 87)**

---

Plaintiff Rosalind C. Abrams respectfully submits the following objections pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1).

## I. FAILURE TO INDEPENDENTLY EVALUATE THE AUGUST 31, 2026 MOTION (DOC. 83)

Plaintiff objects to the recommendation that Doc. 83 be denied substantially for the same reasons as earlier preliminary-injunction motions. Doc. 83 presented specific developments concerning the June 2026 eOPF records, the absence of an identified

assignment and rating organization, the May 12, 2026 issuance of the FY 2026 performance plan, and the pre-population of an Unsatisfactory rating before the September 30, 2026 close of the performance cycle. These circumstances required individualized consideration rather than reliance primarily on prior recommendations.

---

## II. FAILURE TO ADDRESS SPECIFIC EVIDENCE OF CONTINUING AND IRREPARABLE HARM

Plaintiff objects to the conclusion that irreparable harm was not established without adequately addressing the documentary evidence and continuing personnel consequences identified in Doc. 83, including the potential use of disputed performance determinations in removal, retention review, reduction-in-force, and other adverse personnel actions.

Plaintiff expressly addressed irreparable harm, the balance of harms, and the public interest in Section VI of Doc. 83.

Plaintiff further directs the District Judge to Doc. 86, pages 8–9, containing the July 21, 2025 Compel contractor correspondence and Plaintiff's July 22, 2025 Power BI integration meeting invitation. These contemporaneous records document Plaintiff's continuing technical leadership while management redirected overlapping

responsibilities to contractor personnel. The evidence bears directly on Plaintiff's claims concerning reassignment of duties, disputed performance determinations, and continuing retaliatory harm.

---

## III. FAILURE TO ADDRESS THE LIMITED SCOPE OF REQUESTED INJUNCTIVE RELIEF

Plaintiff's motion sought preservation of the status quo, protection against implementation of disputed performance ratings, preservation of personnel and technical records, and an expedited status conference.

Plaintiff did not request a final determination of her performance rating, promotion entitlement, classification, or ownership of disputed technical architecture.

Plaintiff objects to the recommendation's failure to meaningfully distinguish these limited interim requests from the ultimate merits of the civil action.

---

## IV. OBJECTION TO THE CHARACTERIZATION OF PLAINTIFF'S FILINGS AND SANCTIONS WARNING

Plaintiff objects to the characterization of her requests for injunctive relief as frivolous and the warning of sanctions, including dismissal.

Doc. 83 presented identifiable agency actions, supporting documentation, and specific requests for interim judicial protection. Plaintiff's subsequent rebuttal (Doc. 86) further identified documentary evidence concerning the disputed personnel actions and technical responsibilities.

Plaintiff respectfully requests that the District Judge independently examine the substantive grounds presented rather than adopt the characterization of Plaintiff's repeated requests for relief as frivolous.

---

## V. FAILURE TO CONSIDER THE CONTINUING AND INTERRELATED NATURE OF PLAINTIFF'S RETALIATION AND HARASSMENT CLAIMS

Plaintiff objects to the Report and Recommendation's treatment of the challenged personnel actions as discrete, subsequent employment matters rather than examining their relationship to the continuing pattern of retaliation, harassment, hostile work environment, disability-related discrimination, and adverse personnel actions presented in this civil action.

The reassignment of Plaintiff's architectural responsibilities to contractor personnel, disputed performance evaluations, organizational displacement, abbreviated

performance-rating periods, and pre-populated Unsatisfactory ratings are interconnected developments within the same continuing course of conduct.

Plaintiff respectfully requests that the District Judge review Docs. 83 and 86 within the broader context of the ongoing retaliation, harassment, hostile work environment, and disability-related discrimination claims, rather than evaluating each subsequent action in isolation from the underlying claims and documented chronology.

Such review is particularly important to determining the cumulative and continuing harm supporting Plaintiff's request for narrowly tailored preliminary injunctive relief.

---

## VI. RELATED DOCKET FILINGS AND DOCUMENTARY RECORD

Plaintiff respectfully requests that the District Judge consider the following associated filings as the complete preliminary-injunction submission and review record concerning Doc. 87:

| Docket | Document | Date |
|---|---|---|
| Doc. 83 | Plaintiff's Emergency Motion for Preliminary Injunction, including supporting exhibits | August 31, 2026 |

| | | |
|---|---|---|
| Doc. 85 | Defendants' Opposition to Plaintiff's Emergency Motion | September 14, 2026 |
| Doc. 86 | Plaintiff's Rebuttal to Defendants' Opposition, including documentary evidence at pages 8–9 | September 17, 2026 |

The foregoing filings collectively establish the procedural history, supporting documentary evidence, responsive briefing, intervening judicial order, and superseding pleading relevant to Plaintiff's objections.

---

## VII. REQUEST FOR RELIEF

**Plaintiff respectfully requests that the District Judge:**

1. **Conduct de novo review** of the challenged portions of Doc. 87 pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3).
2. **Consider the documentary record** identified in Section V, particularly Docs. 83 and 86.
3. **Decline to adopt the recommendation** denying preliminary injunctive relief.
4. **Decline to adopt the characterization of Plaintiff's filings as frivolous** and the accompanying sanctions warning.

5. Grant such other relief as the Court deems appropriate.

Respectfully submitted,

Rosalind C. Abrams

Plaintiff, Pro Se

---

**DISCLOSURE OF USE OF ARTIFICIAL INTELLIGENCE**

This document was generated with the assistance of Google Law. I hereby certify under penalty of perjury that, despite reliance on an AI tool, I have independently reviewed this document to confirm accuracy, legitimacy, and use of good and applicable law, pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Signature: ____________________

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2026, I served a true and correct copy of the foregoing Motion and attached Exhibit A upon counsel for Defendants, Assistant United States Attorney Jonathan Letzring, by United States Mail, postage prepaid, addressed to:

Jonathan Letzring
United States Attorney's Office
Northern District of Georgia
75 Ted Turner Drive, SW, Suite 600
Atlanta, GA 30303-3309

Signature: ____________________