FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 29 2026

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**ROSALIND COLLETTE ABRAMS,**
Plaintiff,

v.

**DEPARTMENT OF HOMELAND SECURITY | FEDERAL EMERGENCY MANAGEMENT AGENCY, et al.,**
Defendants.

**Civil Action No. 1:25-cv-04311-TRJ-JKL**

**PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S OCTOBER 19, 2026 ORDER (DOC. 95) PURSUANT TO FED. R. CIV. P. 72(a)**

## INTRODUCTION

Plaintiff Rosalind Collette Abrams, proceeding pro se, objects pursuant to Federal Rule of Civil Procedure 72(a) to the Magistrate Judge's October 19, 2026 Order (Doc. 95), granting Defendants' Motion for Extension of Time (Doc. 94).

Plaintiff challenges the recurring exercise of judicial discretion that authorizes successive procedural delays, accepts generalized representations from Defendants, imposes disparate procedural scrutiny upon Plaintiff, and perpetuates continuing prejudice.

The October 19 Order is not an isolated scheduling determination. It reflects a cumulative pattern in which Plaintiff's pursuit of judicial relief is repeatedly characterized as procedurally burdensome, while Defendants receive additional

accommodations despite prior extensions, recent substantive participation, and Plaintiff's documented continuing harm.

**Plaintiff objects not merely to the additional 29 days, but to the Magistrate Judge's continuing use of procedural authority and prejudicial characterizations that contribute to delay, fragment substantive review, and construct an inaccurate judicial narrative concerning Plaintiff's filings and litigation conduct.**

## I. RECURRING JUDICIAL DELAYS, DISPARATE PROCEDURAL TREATMENT, AND CONTINUING PREJUDICE

Plaintiff objects to the Magistrate Judge's repeated authorization of delays without proportionate consideration of Plaintiff's prior accommodations, pending requests for equitable relief, and continuing adverse employment consequences.

The procedural record demonstrates that Plaintiff has exercised reasonableness while Defendants have received substantial additional time.

| **Date** | **Procedural action** | **Duration or consequence** |
|---|---|---|
| **November 13, 2025** | Administrative Order 25-03 (Doc. 31) extended existing deadlines following the appropriations-related stay | **46 days** |
| **December 16, 2025** | Magistrate Judge granted Defendants' unopposed extension (Docs. 32 and 35), setting February 4, 2026 as the response deadline | **50 calendar days;** Plaintiff did not oppose |

| | | |
|---|---|---|
| **March 27, 2026** | DOJ counsel sought additional time in Plaintiff's related Federal Circuit appeal, No. 2025-2022 (ECF No. 76) | **75 additional days requested** across two deadlines |
| **September 14, 2026** | AUSA Letzring filed a substantive opposition to Plaintiff's preliminary-injunction motion (Doc. 85) | Demonstrated recent participation |
| **October 18, 2026** | Plaintiff proposed two alternatives to Defendants' extension request | **1 day**, or **7 days conditionally** for settlement discussions |
| **October 19, 2026** | Magistrate Judge granted Defendants' requested extension (Docs. 94–95) | **29 additional days**, through November 20, 2026 |

The 46-day administrative enlargement and subsequent 50-day extension are distinct procedural actions. Nevertheless, both form part of the cumulative chronology that the Magistrate Judge should have considered. Plaintiff did not oppose the December 16, 2025 extension, thereby allowing Defendants a 50-calendar-day period through February 4, 2026, during the early proceedings.

When Defendants again requested additional time in October 2026, Plaintiff offered a one-day extension through October 23 or a conditional seven-day extension through October 29 to initiate formal, good-faith global settlement discussions. Defendants rejected these alternatives and obtained the full 29-day extension.

**The Magistrate Judge is not merely observing these delays. His rulings authorize and perpetuate them.**

Meanwhile, Plaintiff's requests for emergency judicial relief remained unresolved for approximately 170 days, as documented in Plaintiff's opposition (Doc. 96), prompting Plaintiff to seek extraordinary appellate intervention. The Magistrate Judge's repeated procedural accommodations must be examined against this history, particularly where Plaintiff continues to experience adverse employment consequences, professional and financial injury, and prolonged uncertainty concerning equitable relief.

Plaintiff challenges a procedural imbalance in which Defendants' administrative convenience repeatedly receives immediate judicial accommodation while Plaintiff's continuing harm remains subject to delayed substantive examination.

## II. PREMATURE JUDICIAL DETERMINATION, INSUFFICIENT GOOD CAUSE, AND CONTINUING HARM

The Magistrate Judge expressly acknowledged that Plaintiff opposed Defendants' requested extension and nevertheless granted the motion before Plaintiff's response period expired. Doc. 95 at 2. The Order states that this action was taken to avoid further delay. Yet its practical effect was to postpone Defendants' responsive pleading from October 22 until November 20, 2026.

Defendants' motion (Doc. 94) identified competing litigation obligations, the need to review the Third Amended Complaint, and the need to refamiliarize counsel with the administrative history.

These generalized representations were accepted without identifying specific conflicting deadlines or explaining why the full 29-day enlargement was necessary rather than the shorter alternatives Plaintiff had proposed.

Moreover, AUSA Letzring had filed a substantive opposition on September 14, 2026 (Doc. 85), concerning the same underlying controversy. Plaintiff submitted her rebuttal on September 17 (Doc. 86).

The Third Amended Complaint (Doc. 90) was subsequently filed in compliance with the District Court's September 24, 2026 directive (Doc. 89). It refined and consolidated claims arising from the existing controversy rather than initiating an unrelated proceeding.

The Magistrate Judge's acceptance of counsel's asserted need to refamiliarize himself with the case, without addressing counsel's recent substantive participation, reflects an incomplete evaluation of the procedural record.

Further, Plaintiff's October 20, 2026 opposition (Doc. 96) identified the cumulative delays, prior accommodations, rejected alternatives, and continuing prejudice that warranted consideration before granting Defendants the full enlargement.

The Magistrate Judge's decision to act before Plaintiff's response period expired deprived that opposition of consideration before the extension was authorized.

The consequences are not merely procedural. Plaintiff continues to seek judicial relief concerning retaliation, discrimination, reassignment of architectural responsibilities, professional injury, and related adverse employment actions.

*Each additional delay extends the period during which the challenged consequences remain unresolved, while the judicial process continues to accommodate Defendants' requests for additional time.*

Plaintiff submits that the Order's good-cause determination does not adequately account for this cumulative prejudice or the disparity between the procedural treatment afforded the parties.

**The Magistrate Judge's October 19, 2026 Order (Doc. 95) conflicts with Section 3(C), page 10, of District Judge Tiffany R. Johnson's Standing Order in the following respects:**

1. **Failure to identify unforeseen circumstances:** The Order grants Defendants additional time without identifying the specific unanticipated or unforeseen circumstances necessitating the extension.

2. **Failure to address the required timetable:** The Order does not establish how Defendants satisfied the requirement to provide a timetable for completing the tasks necessitating additional time.

3. **Premature adjudication:** The Magistrate Judge granted the extension before Plaintiff's response period expired, depriving the Court of Plaintiff's timely opposition before ruling.

4. **Failure to enforce the prohibition against routine extensions:** The Order grants a 29-day extension without demonstrating compliance with the District Judge's express directive that extensions shall not be granted as a matter of course.

Plaintiff objects that these errors disregard the District Judge's governing procedural requirements and render the October 19, 2026 Order contrary to law under Federal Rule of Civil Procedure 72(a).

## III. PREJUDICIAL AND DISPARATE CHARACTERIZATION OF PLAINTIFF'S FILINGS AND THE CONTINUING CONSTRUCTION OF AN INACCURATE JUDICIAL NARRATIVE

Plaintiff further objects to the Magistrate Judge's repeated characterization of Plaintiff's submissions as excessively voluminous, burdensome, or procedurally problematic, particularly when comparable complexity and length appear in the Magistrate Judge's own judicial submissions.

The following comparison demonstrates the disparity:

### TABLE 2. COMPARATIVE ANALYSIS OF SUBSTANTIVE JUDICIAL AND PLAINTIFF SUBMISSIONS

| Measure | Magistrate Judge's R&R (Doc. 57) | Plaintiff's Third Amended Complaint (Doc. 90) |
|---|---|---|
| **Date** | April 2, 2026 | October 8, 2026 |
| **Substantive pages** | 43 | 57 |
| **Approximate word count** | **9,903** | **9,953** |
| **Difference in substantive word count** | — | **50 additional words** |
| **Supporting exhibits** | Not included in comparison | Approximately 67 additional pages covering five years 2021- 2026 averaging 13.4 pages/year |
| **Characterization at issue** | Warranted judicial analysis | Extensive pleading invoked to support delay |

The Magistrate Judge's approximately 10,000-word Report and Recommendation is treated as warranted judicial analysis, while Plaintiff's comparably extensive complaint is characterized as a procedural burden.

**The substantive word counts differ by approximately 50 words, yet the characterization and procedural consequences differ substantially.**

The October 19 Order compounds this disparity by describing **Plaintiff's Third Amended Complaint as containing 270 paragraphs, when the operative complaint contains 170 numbered paragraphs—an overstatement of 100 paragraphs, or approximately 59 percent.**

The Order further emphasizes the combined 124-page submission without distinguishing the 57-page operative complaint from approximately 67 pages of supporting exhibits. These representations are material because the Magistrate Judge expressly relies upon the purported magnitude of Plaintiff's filing in finding good cause to grant Defendants additional time. The concern extends beyond numerical accuracy. Plaintiff respectfully challenges the Magistrate Judge's continued inking of a prejudicial judicial narrative in which Plaintiff's extensive documentation is repeatedly portrayed as excessive, burdensome, or frivolous, while comparable judicial complexity is accepted as warranted.

This characterization must also be considered alongside prior warnings concerning repetitive or frivolous preliminary-injunction motions, including the September 23, 2026 Report and Recommendation (Doc. 87).

The cumulative effect is to portray Plaintiff's pursuit of relief as a source of procedural dysfunction, while minimizing the significance of the underlying evidentiary record and the continuing harm for which relief is sought. The same tactic used by DHS/FEMA/Contractors/OSC/DHS OIG et al in an effort to diminish and deny.

Plaintiff's filings concern a multiyear controversy involving federal employment retaliation, discrimination, architectural governance responsibilities, cybersecurity,

federal records management, contractor oversight, and the claimed appropriation and reassignment of Plaintiff's independently developed architectural frameworks. The complexity of these matters is inherent in the conduct requiring adjudication. The underlying evidentiary record encompasses documented misconduct, cybersecurity and information-security violations, repeated requests for reasonable accommodation, workplace harassment, retaliation, and the appropriation and reassignment of Plaintiff's independently developed architectural frameworks, including their connection to the **$137 million DHS/FEMA Digital Workflow Blanket Purchase Agreement (BPA), Award No. 70FBR22A00000018**. The approximately 67 pages of supporting exhibits document conduct spanning 2021 through 2026, representing approximately 13.4 pages annually over a five-year period. The Magistrate Judge's characterization disregards this evidentiary context while relying on an inflated paragraph count to justify additional delay.

Plaintiff's professional qualifications include a Master of Business Administration (MBA), Project Management Professional (PMP) certification, extensive systems architecture experience, and completion of the **Massachusetts Institute of Technology (MIT) x PRO Artificial Intelligence program in July 2024**. These qualifications inform Plaintiff's disciplined, methodical approach to analyzing complex technical records, architectural frameworks, governance structures, and evidentiary relationships. The technical complexity and detail of Plaintiff's

submissions reflect the substantive scope of the controversy, not a lack of procedural discipline. Plaintiff challenges the continuing denial of due process through the recurring mischaracterization of substantive evidence as excessive documentation. Repeatedly characterizing Plaintiff's filings as burdensome does not diminish the misconduct, security violations, accommodation requests, harassment, retaliation, or architectural and procurement matters documented in the record. Instead, the Magistrate Judge's continued reliance on these characterizations perpetuates a judicial narrative that diverts attention from the substantive controversy and delays meaningful consideration of Plaintiff's claims. **Complexity cannot reasonably be treated as warranted when expressed through judicial analysis but presumptively burdensome when Plaintiff documents the conduct, giving rise to her claims.**

Plaintiff objects to this disparate characterization and its prejudicial consequences for the judicial record, Plaintiff's credibility and professional reputation, and the timely consideration of substantive evidence.

Plaintiff objects to the Court's continued perpetuation of a materially inaccurate judicial narrative that deflects from documented misconduct, fraud, waste, and abuse affecting Plaintiff and the public interest. The repeated reliance on procedural technicalities and mischaracterizations, rather than meaningful examination of the record, enables the very conduct for which Plaintiff seeks judicial relief.

## IV. CUMULATIVE PREJUDICE AND THE NEED FOR DISTRICT COURT REVIEW

The objections presented herein concern the cumulative operation of judicial decisions, not isolated disagreements with scheduling preferences.

The record reflects:

1. Repeated extensions and procedural accommodations for Defendants;
2. Plaintiff's documented willingness to accommodate Defendants Counsel;
3. Extensive delays in adjudicating Plaintiff's requests for emergency relief, compounded by procedural and technical delays that impede the timely progression of the case through the judicial lifecycle of the Northern District of Georgia.
4. Acceptance of generalized representations of competing obligations;
5. A ruling entered before Plaintiff's opposition period expired; and
6. Materially inaccurate and prejudicial characterizations of Plaintiff's filings.

The October 19th Order compounds these circumstances by granting additional delay on grounds that include an objectively inaccurate paragraph count and an undifferentiated characterization of Plaintiff's supporting evidence.

Plaintiff submits that judicial discretion must not operate to perpetuate the adverse consequences underlying this litigation while simultaneously constructing a record that portrays Plaintiff's efforts to obtain relief as the principal procedural burden.

Plaintiff has remained disciplined, methodical, and consistent in presenting the facts, documentary evidence, and procedural history of this case. Plaintiff's submissions reflect a deliberate effort to establish an accurate and comprehensive judicial record,

notwithstanding repeated procedural delays and characterizations of the supporting documentation as excessive.

The District Court's review is necessary to address the factual inaccuracies, cumulative procedural disparity, and continuing prejudice associated with the challenged Order.

## V. CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the District Court:

1. **SUSTAIN** Plaintiff's objections pursuant to Federal Rule of Civil Procedure 72(a);
2. **SET ASIDE OR MODIFY** the Magistrate Judge's October 19, 2026 Order (Doc. 95) insofar as its good-cause determination rests upon materially inaccurate characterizations and insufficient consideration of the cumulative procedural record;
3. **CORRECT** the inaccurate characterization of Plaintiff's Third Amended Complaint as containing 270 paragraphs rather than 170 numbered paragraphs;
4. **CONSIDER** Plaintiff's previously filed opposition (Doc. 96), including the documented prior accommodations, rejected alternatives, cumulative delays, and continuing prejudice;
5. **ADDRESS** the disparate characterization of Plaintiff's filings and the prejudicial consequences of repeated procedural accommodations; and
6. **GRANT** such other relief as the Court deems just and appropriate to prevent further prejudice and ensure fair and timely adjudication.

Respectfully submitted,

**Rosalind Collette Abrams**
Plaintiff, Pro Se

Date: October 29, 2026

## DISCLOSURE OF ARTIFICIAL INTELLIGENCE ASSISTANCE

Plaintiff discloses that Google Law was used to assist with organization, editorial refinement, and drafting of this filing. Plaintiff independently reviewed the submission and accepts responsibility for its factual representations, legal arguments, and contents.

/s/ Rosalind Collette Abrams
Rosalind Collette Abrams
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on October 29, 2026, I served a copy of the foregoing upon Jonathan D. Letzring, Assistant United States Attorney, counsel for Defendants, by the following method: United States Mail.

Jonathan Letzring
United States Attorney's Office
Northern District of Georgia
75 Ted Turner Drive, SW, Suite 600
Atlanta, GA 30303-3309

/s/ Rosalind Collette Abrams
Rosalind Collette Abrams
Plaintiff, Pro Se